## Salem

SARAH JANE FERRIS

v.

TRACY L. UNDERWOOD

No. 1278-85

Decided September 2, 1986

26

COUNSEL

Marc James Small (Melton & Small, on brief), for appellant.

John B. Weld (Copenhaver & Ellett, on brief), for appellee.

OPINION

**KOONTZ, C.J.** — This appeal involves a dispute between Sarah Jane Ferris, the paternal grandmother, and Tracy L. Underwood, the natural mother, concerning the custody of a child, Monica, age four. By order entered on October 28, 1985, the trial court granted custody to the mother and the grandmother filed this appeal. Finding no error, we affirm.

The grandmother, in her brief, contends that the issue is whether the best interests of the child will be served by the transfer of custody to the mother. She maintains that the trial court applied the wrong test in reaching its determination of the best interests of the child. We disagree.

■ The evidence was heard *ore tenus* by the trial court on October 8, 1985. In lieu of a transcript of that hearing, the parties have submitted a Statement of Facts, with appended background

investigation reports prepared by the Roanoke City Department of Human Resources and the order of the City of Roanoke Juvenile and Domestic Relations District Court, for our review in this appeal. On familiar principles, where the court hears the evidence *ore tenus*, its findings are entitled to the weight accorded a jury verdict, and they will not be disturbed on appeal unless they are plainly wrong or without evidence to support them. *Gray v. Gray*, 228 Va. 696, 699, 324 S.E.2d 677, 679 (1985); *see Simmons v. Simmons*, 1 Va. App. 358, 361, 339 S.E.2d 198, 199 (1986).

The material facts are undisputed. Monica's mother and father, then age sixteen and eighteen, respectively, were married on March 2, 1979. They both had ninth grade educations, and made their marital home with Mrs. Ferris, the appellant, and her husband. Monica was born on March 31, 1981. Marital difficulties arose and on March 12, 1982, the mother and child left the marital home. Custody petitions were filed in the City of Roanoke Juvenile and Domestic Relations District Court, and that court, on January 5, 1983, placed the custody of Monica with her paternal grandmother, Mrs. Ferris. That order, after reciting that the child was currently being cared for by the paternal grandmother and that neither parent, because of their youth and present situations, was able to meet the needs of the child through their own independent resources, concluded with the following language:

It is therefore ORDERED that the custody of the infant, Monica Anne Ferris, is hereby awarded to Mrs. Sarah Jane Ferris with the express understanding that each natural parent of the child shall continue to have visitation rights previously ordered in this matter and that the express understanding that neither parent has waived, abandoned, or in any other manner relinquished the relationship of the natural child to its natural parent.

The child's parents were divorced on January 22, 1985, and the mother married Mr. Underwood shortly thereafter. The divorce decree made no provisions for the custody of Monica and transferred that matter to the juvenile court. On July 30, 1985, the juvenile court denied a petition of the natural mother for the custody of the child and ordered that custody remain with the paternal grandmother. That order was appealed to the circuit court. The circuit court found that both the mother and grandmother

were fit and proper persons to have custody and concluded that: "[T]he long term best interests of the child require that custody be transferred to the mother." This appeal followed.

■■■ "In all child custody cases, including those between a parent and a non-parent, 'the best interests of the child are paramount and form the lodestar for the guidance of the court in determining the dispute.'" *Bailes v. Sours*, 231 Va. 96, 99, 340 S.E.2d 824, 826 (1986) (quoting *Walker v. Brooks*, 203 Va. 417, 421,124 S.E.2d 195, 196 (1962)). Our Supreme Court has repeatedly recognized that the law presumes that the child's best interests will be served when in the custody of its parent unless that presumption is rebutted by clear and convincing evidence of certain facts. The Court in *Bailes* listed these factors as (1) parental unfitness, (2) a previous order of divestiture, (3) voluntary relinquishment, (4) abandonment, and (5) special facts and circumstances constituting an extraordinary reason for taking a child from its parent. *Bailes*, 231 Va. at 100, 340 S.E.2d at 827.

■■ In the present case, Mrs. Ferris maintains that the January 5, 1983, order of the juvenile court constitutes a previous order of divestiture. We disagree. The Court in *Bailes* cited *McEntire v. Redfearn*, 217 Va. 313, 227 S.E.2d 741 (1976), as its authority for the previous order of divestiture rule. *McEntire* involved a dispute between a father and a maternal grandmother and involved a factual situation where, after a hearing on the merits at which the father was present, the juvenile court made an unappealed adjudication that custody should be assumed by the court to the exclusion of the father. Under those circumstances the burden of proof was upon the father to show that the best interests of the children would be served by a transfer of custody to him. Where, however, there has been no prior adjudication on the merits, but rather an agreed temporary custody order has been entered, then such order has "neither the dignity nor the effect of a final order of custody upon the merits." *Wilkerson v. Wilkerson*, 214 Va. 395, 397, 200 S.E.2d 581, 583 (1973). Under such circumstances the parental presumption is applicable.

In the present case, the mother and father, being young and without independent resources to meet the needs of Monica, agreed to the placement of custody with the paternal grandmother. The language of the juvenile court order of January 5, 1983 convinces us that its very purpose was to preserve the paren-

tal presumption for future hearings on the merits as to the custody of the child should that become necessary. Accordingly, we review the evidence below with the parental presumption in effect in favor of the mother.

As previously stated, the trial court found that the mother and grandmother were both fit and proper to have custody of Monica. While the mother had not visited the child regularly, she had improved her visitation record recently. She had remarried, and while her husband was considered legally blind, he was supportive of her efforts to regain custody and was willing to provide financial and physical support within his limitations. This marriage was considered to be stable. The most troublesome evidence was that the mother's sister was a prostitute who at times visited the mother's home. There is no evidence in the record, however, that the mother's sister engaged in prostitution in this home or that that situation in any way affected the child. While the background reports recommended that custody remain with the grandmother, the trial court was not persuaded by them. The court instead granted custody to the mother with very specific conditions, including continued supervision by the Department of Social Services, visitations with the grandmother, that the child remain in the Head Start Program at a local church, and that Monica be permitted to continue to attend church services with her grandmother. Consequently, the trial court structured a return of custody to the natural parent under circumstances calculated to promote the best interests of the child and to provide continuity to her life and supervision during a period of transfer.

For these reasons, the findings of the trial court are not plainly wrong, are supported by the evidence and will not be disturbed here. We note, however, that this case presents the familiar case of a grandparent temporarily assuming the role of the parent, and after giving loving care to the grandchild is faced with a loss of custody of that child. The concern which Mrs. Ferris has shown for her grandchild is commendable. She is devoted to the child's welfare and undoubtedly she can and will continue her efforts in that regard. Our holding is in no way to be interpreted as disapproval of the care provided by Mrs. Ferris, but rather has the effect of re-establishing for Monica the proper roles of her mother and her grandmother.

Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

Benton, J., and Duff, J., concurred.