**Salem**

STERLING WALKER

v.

FRANKIE LEON FAGG

No. 1609-89-3

Decided January 22, 1991

COUNSEL

Ellen M. Arthur, for appellants.

No appearance for appellees.

OPINION

**WILLIS, J.**—Sterling and Dorothy Walker have appealed the judgment of the trial court dismissing their petitions for the custody of their grandchildren and granting temporary custody to the children's father, Frankie Leon Fagg. They contend (1) that the father was not a proper party to the proceedings, (2) that the trial court erred in applying the presumption favoring parental custody, (3) that awarding custody of the children to their father was contrary to their best interests, and (4) that the trial court erroneously gave undue weight to the children's stated preferences to remain in their father's custody. We find no error in the trial court's determinations, but we hold that it erred in dismissing the Walkers' petition prior to a final determination in the case. We modify the judgment of the trial court to order the reinstatement of the Walkers' petition. Otherwise, we affirm the judgment of the trial court and order that the case be remanded to it for final determination.

On January 31, 1989, Frankie Leon Fagg shot and killed his wife, Anita, the mother of the subject children. On April 17, 1989, on Fagg's petition, the Juvenile & Domestic Relations District Court of Alleghany County awarded temporary custody of the children to Fagg's mother, Rosalie Fagg. On April 20, 1989, the appellant, Dorothy M. Walker, Anita Fagg's mother, filed petitions seeking custody of the children. By order of June 5, 1989 the juvenile & domestic relations district court awarded custody of the children to Sterling and Dorothy Walker. Rosalie Fagg appealed. Following a review of the record and the taking of evidence *ore tenus* before it, the trial court issued a written opinion dated August 11, 1989, pursuant to which it entered the order of September 13, 1989, to which this appeal is addressed. That order dismissed the custody petitions of the Walkers, continued the petitions of Frankie Leon Fagg asking that temporary custody of the children be awarded to his mother Rosalie Fagg, and granted temporary custody of the children to Frankie Leon Fagg under the supervision of the Covington-Alleghany County Department of Social Services.

In its August 11, 1989 letter opinion, incorporated by reference into its September 13, 1989 order, the trial court found that Frankie Leon Fagg was under indictment for the murder of Anita Fagg, his wife and the mother of the subject children. The court found that it had been established, by clear and convincing evidence, that Fagg was at the time unfit as a parent. It found that by his own admission Fagg had "lived sixteen years with the devil." It found that the evidence clearly and convincingly showed that he had a history of alcohol abuse, spousal abuse, unemployment and general family neglect. It found, however, that since the tragedy of his wife's death and the bringing of criminal charges against him, Fagg had attempted to rehabilitate himself and to live "with the Lord." The court noted that there was evidence that Fagg's life had experienced a complete turnaround. It noted that testimony of expert witnesses that the children were supportive of their father and felt that they were playing an important role in the family and in their father's rehabilitation. The court found that at the time the children's best interests would be served by their remaining in their father's custody. The court came to this conclusion tentatively, recognizing that Fagg's turnabout might be a short lived "jailhouse" conversion. Based on these determinations, the court awarded temporary custody of the children to

Fagg under the supervision of the Covington-Alleghany County Department of Social Services and continued the matter for six months for review in the light of general circumstances and of the resolution of the criminal charges against Fagg. On October 18, 1989, Fagg was found guilty of involuntary manslaughter in the death of Anita Fagg and was sentenced to serve four years in prison. That conviction is on appeal.

■ The Walkers first contend that Fagg lacked standing to contest their petitions for the custody of their grandchildren. They note that the April 17, 1989 orders of the juvenile and domestic relations district court awarding custody to Rosalie Fagg were entered on Fagg's motion. They contend that he thereby relinquished his custodial rights in the children. We disagree.

In all child custody cases, including those between a parent and a non-parent, "the best interests of the child are paramount and form the lodestar for the guidance of the court in determining the dispute."

It has long been recognized that "as between a natural parent and a third party, the rights of the parent are, if at all possible, to be respected, such rights being founded upon natural justice and wisdom, and being essential to the peace, order, virtue and happiness of society." Consequently, in a custody dispute between a parent and a non-parent, "the law presumes that the child's best interests will be served when in the custody of its parent."

*Bailes v. Sours*, 231 Va. 96, 99, 340 S.E.2d 824, 826-27 (1986) (citations omitted). In his petitions to the juvenile and domestic relations district court, Fagg sought court approval of terminable, temporary custody agreements which he had made with his mother. These agreements provided, in pertinent part:

This agreement may be terminated at any time by written notice from the party of the first part (Fagg) to the party of the second part (Rosa Fagg), or from the party of the second part to the party of the first part, . . .

The parties further agree that the authority granted herein to the party of the second part (Rosa Fagg) shall be exercised in conjunction with the authority of the party of the

first part (Fagg) who shall retain all parental rights.

In his petition submitting the custody agreements to the juvenile and domestic relations district court, Fagg stated:

That he desires to provide for the care and custody of said children in the he event of his incapacity or inability to provide care at all times.

Plainly, Fagg was contemplating his prosecution and possible incarceration. It is equally plain that he did not intend a permanent relinquishment of custody. The juvenile and domestic relations district court order awarding temporary custody to Rosa Fagg pursuant to the agreement was neither a divestiture of Fagg's rights nor an approval of his relinquishment of those rights. Thus, Fagg remained a necessary party to any custody determination. *See Ferris v. Underwood*, 3 Va. App. 25, 28, 348 S.E.2d 18, 20 (1986); *Wilkerson v. Wilkerson*, 214 Va. 395, 396-97, 200 S.E.2d 581, 583 (1973).

The Walkers next argue that the trial court erred in applying in Fagg's favor a presumption that custody should be awarded to him. The trial court did not, however, base its decision on the presumption. It considered the presumption, as it was obliged to do. *Smith v. Pond*, 5 Va. App. 161, 163, 360 S.E.2d 885, 886 (1987). However, in its August 11, 1989 opinion, the trial court found that the presumption had been rebutted by clear and convincing evidence of Fagg's unfitness and ruled "[Fagg] bears the burden of proving that custody with him is in the children's best interests."

The Walkers argue that the trial court's determination that Fagg was unfit deprived him of the right to custody and operated to require that custody of the children be awarded to them. They cite *Wilkerson v. Wilkerson*, 214 Va. 395, 200 S.E.2d 581 (1973), wherein the Supreme Court said:

The burden of showing the existence of circumstances which would deprive the father of the right to custody of his son is upon the parties opposing this right.

*Id.* at 397, 81 S.E.2d at 583 (quoting *Judd v. Van Horn*, 195 Va. 988, 81 S.E.2d 432 (1954)). However, *Wilkerson* does not hold

that a determination of unfitness requires *ipso facto* a denial of parental custody regardless of other circumstances. *Wilkerson* goes on to say:

> As between awarding custody to a parent or a third party, the evidence must also be clear and convincing that the welfare and best interests of the child will be served by awarding custody to someone other than the parent.

*Id.* at 397, 200 S.E.2d at 583. Once the presumption favoring parental custody has been rebutted, the parental and non-parental parties stand equally before the court, with no presumption in favor of either, and the question is the determination of the best interest of the child according to the preponderance of the evidence. *Smith v. Pond*, 5 Va. App. 161, 360 S.E.2d 885 (1987).

In their third and fourth assignments of error, the Walkers challenge the trial court's determination of the best interests of the children and the weight that it gave to the children's expression of their desire to remain in their father's custody. The trial court heard evidence *ore tenus*. It issued a written opinion, incorporated by reference into its order, in which it set forth a comprehensive analysis of the case, of the countervailing considerations, and of the determinations which led to its conclusion that the best interests of the children required that they be placed temporarily in the custody of their father, subject to supervision by the local Department of Social Services and subject to subsequent review by the court. These determinations were based upon credible evidence and will not be disturbed on appeal. *See Dexter v. Dexter*, 7 Va. App. 36, 371 S.E.2d 816 (1988).

The award of temporary custody of the children to Fagg was tentative, subject to vacation should his change of lifestyle prove not to be permanent. The trial court found that the Walkers, the children's maternal grandparents, were suitable custodians. Pending final decision in the case, the Walkers' petition should not have been dismissed. The possibility of an award of custody to them should have been retained by the court as an alternative should continued custody by Fagg prove unsuitable.

The petition of the Walkers will be reinstated and this case remanded to the trial court for further determinations and final decision.

*Modified and affirmed.*

Coleman, J., and Moon, J., concurred.