COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Fitzpatrick
Argued by Teleconferencing


CHARITO B. NEWLAND

v.          Record No. 0390-95-3          MEMORANDUM OPINION[*] BY
                                          JUDGE SAM W. COLEMAN, III
WILLIAM R. NEAL, JR.                           FEBRUARY 13, 1996


                FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                      Charles B. Flannagan, II, Judge

            Ann M. Callaway, for appellant.

            R. Wayne Austin (Johnson, Scyphers & Austin,
            P.C., on  brief), for appellee.



     Charito B. Newland appeals the circuit court's order denying
her petition for a change in custody of her daughter, Jearlean
Delores Neal.  Newland contends that the trial court erred by
requiring her to prove by clear and convincing evidence that a
change in custody was in the child's best interest and by finding
that she failed to prove a change in circumstances sufficient to
warrant a change in custody.  Because the trial court erred by
applying a clear and convincing evidence standard, we reverse its
order and remand the case for the trial court to reconsider the
evidence and whether the appellant proved by a preponderance of
the evidence that a change in custody would be in Jearlean
Delores Neal's best interests.

     In <u>Keel v. Keel</u>, 225 Va. 606, 303 S.E.2d 917 (1983), the

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Supreme Court established a two-prong test for determining whether a change in custody is warranted: "first, has there been a change in circumstances since the most recent custody award; second, would a change in custody be in the best interests of the child[]." Id. at 611, 303 S.E.2d at 921. The noncustodial parent has the burden to prove that there has been a change in circumstances since the last custody determination and "that a change in custody would be in the best interests of the child." Peple v. Peple, 5 Va. App. 414, 417, 364 S.E.2d 232, 235 (1988).

Here, the trial court acknowledged that a change in circumstance had occurred and found that appellant has made
> a remarkable journey since the custody orders of 1988 and 1989. At that time, she was an immigrant from the Philippines, separated, without family support or permanent living or employment arrangements. Since that time, she has graduated cum laude from Emory & Henry College with a degree in accounting, has become a naturalized citizen, has remarried to a career Navy serviceman, has secured stable employment and has manifested an extraordinary devotion to her daughter by frequent and costly trips from Texas and Maryland to exercise her rights of visitation.

Nevertheless, the court held by letter opinion that appellant had "failed to show, by clear and convincing evidence, that the best interests of [Jearlean] w[ould] be served by removing her from" her father (emphasis added). Although appellant objected to the requirement that she must prove by clear and convincing evidence that a change in custody would be in the child's best interest, the trial court did not correct or clarify in its final order that it was applying a standard other than the clear and

convincing standard announced in its letter opinion.

It is well established that in custody disputes the best interests of the child are "paramount." See, e.g, Keel, 225 Va. at 612, 303 S.E.2d at 921; Turner v. Turner, 3 Va. App. 31, 36, 348 S.E.2d 21, 24 (1986). Consequently, in a dispute between natural parents, the trial court shall change custody when a preponderance of the evidence proves that circumstances have changed which would make it in the child's best interest to be in the custody of the other parent. Even where third parties are seeking custody of a child viz-a-viz the child's parent, the trial court is required to determine "according to the preponderance of the evidence," whether a change is in the best interests of the child, once the presumption of parental custody has been rebutted by clear and convincing evidence. Walker v. Fagg, 11 Va. App. 581, 586, 400 S.E.2d 208, 211 (1991); see also Szemler v. Clements, 214 Va. 639, 644-45, 202 S.E.2d 880, 885 (1974).

In holding that the trial judge erred by applying the clear and convincing standard and remanding the case, we do not "supplant [his] judgment with our own," or suggest the result to be reached on remand. See Hughes v. Gentry, 18 Va. App. 318, 325, 443 S.E.2d 448, 452 (1994). "To determine what is 'best' for the children the court must engage in a comparative analysis" between what will be the child's situation with each parent. Keel, 225 Va. at 613, 303 S.E.2d at 922. On remand, the trial

- 3 -

court must consider all relevant evidence that will "allow it to make a rational comparison between the circumstances of the two parents as those circumstances affect the child[]." Id.

Although the trial judge recognized the positive changes and improvements appellant has made in her life, he also found that the father has "manifested an extraordinary devotion to [Jearlean], caring and providing for her since 1988." The judge noted that "[t]he father has also remarried, works for the same employer as at the time of the divorce and spends considerable time involving himself in [Jearlean's] activities." Therefore, although the record reveals that the trial judge employed a comparative analysis contemplated under Keel, it applied a higher standard than the law requires in order for the noncustodial parent to prove that a change in custody would be in the child's best interest. Thus, we remand the case solely to have the trial judge determine whether the noncustodial parent has proven by a preponderance of the evidence that a change in custody would be in the child's best interest. On remand, the trial judge shall only consider the present record and any additional changes that may have occurred subsequent to the last hearing.

Reversed and remanded.

- 4 -