COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Fitzpatrick
Argued at Salem, Virginia


THOMAS BOYCE, ET AL.

v.   Record No. 2044-96-3

BRIAN SAMUEL BUSH                     MEMORANDUM OPINION[*] BY
                                      JUDGE JOHANNA L. FITZPATRICK
CYNTHIA BOYCE BUSH                          APRIL 29, 1997

v.   Record No. 2045-96-3

BRIAN SAMUEL BUSH

                  FROM THE CIRCUIT COURT OF LEE COUNTY
                        William C. Fugate, Judge

            Charles L. Bledsoe (Bledsoe & McAfee, P.C.,
            on briefs), for appellants.

            Terry G. Kilgore (Kilgore & Baker, on brief),
            for appellee.


     This is a child custody dispute between the child's natural

mother and grandparents and the child's former stepfather.  The

sole issue presented is whether the trial court erred in finding

that the child's best interests would best be served by awarding

temporary custody to her former stepfather.  Finding no error, we

affirm.

     "On review, '[a] trial court is presumed to have thoroughly

weighed all the evidence, considered the statutory requirements,

and made its determination based on the child's best interests.'"

Logan v. Fairfax County, 13 Va. App. 123, 128, 409 S.E.2d 460,

---

     [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

463 (1991) (quoting Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 795 (1990)). "[T]he evidence is viewed in the light most favorable to the prevailing party below and its evidence is afforded all reasonable inferences fairly deducible therefrom." Id. In matters concerning the welfare of a child, "trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley, 9 Va. App. at 328, 387 S.E.2d at 795. When based on evidence heard ore tenus, the trial court's judgment will not be disturbed on appeal unless plainly wrong or without evidence to support it. Id. at 328, 387 S.E.2d at 795-96.

Cynthia Boyce Bush (mother) and Brian Samuel Bush (step-father) were married on September 16, 1994. At the time of the marriage, mother was sixteen and stepfather was twenty-three. Prior to the marriage, mother gave birth to Demi Shontey Boyce (Shontey) whose natural father's identity was unknown. Mother left the marital residence in February 1995, and took the child with her. The evidence established that she left Shontey with her father, Thomas Boyce (Thomas), and stepmother, Esther Boyce (Esther), and moved in with a friend. For a period of approximately three to four months, from mid-April through July 1995, while Shontey was in the care of Thomas, mother visited the child only four times for a total of ten to fifteen minutes. Mother voluntarily relinquished custody of Shontey to Thomas in

2

July 1995, and left the area.[1]

Following the parties' separation, on June 21, 1995 step-father petitioned for custody of Shontey. The Department of Social Services (DSS) conducted a court ordered home study that indicated that stepfather "appears to be a very levelheaded and responsible young man" who is "able and capable of providing care for his stepdaughter . . . ." Also, in June 1995, DSS conducted a home study of Thomas and Esther's home and concluded that "Esther and Thomas Boyce are capable of providing appropriate care and an environment for the child."

In August 1995, DSS attempted to do a home study of mother. The social worker was unable to complete the study because she was unable to locate mother, who had moved to North Carolina in July 1995. The social worker stated that "[t]his agency also feels that Ms. Bush's life style displays her inability to care and provide for the subject child." The social worker concluded that,

> [b]ased on the information provided by Ms. Bush, it is this worker's impression that she is not capable of providing the adequate care and supervision that the subject child will need and require at this time. It also appears that Ms. Bush has several areas of her own life that she needs to address and improve before she can even attempt to effectively parent the subject child.

In August 1995, mother was diagnosed with cancer, and underwent an emergency hysterectomy. She did not return to

---

[1]Mother also petitioned the juvenile and domestic relations district court to place Shontey in Thomas' custody. The court granted this request, and awarded temporary custody to Thomas and visitation to stepfather.

Thomas' home until March or April 1996.  The parties were divorced by order dated <u>nunc</u> <u>pro</u> <u>tunc</u> May 8, 1996.

The trial court conducted an <u>ore</u> <u>tenus</u> hearing on July 11, 1996, and awarded custody of Shontey to stepfather.  No transcript of that hearing is provided.  However, the parties agree that the court's order and the attached home studies supply sufficient evidence for review.  The court made the following relevant findings in an order dated August 6, 1996:

> That both parties, Cynthia Boyce Bush, the natural mother, and Brian Samuel Bush, the stepfather, are fit and proper parents, capable of caring for the minor child, Demi Shontey Boyce.

> \*     \*     \*     \*     \*     \*     \*

> That a homestudy on Brian Samuel Bush . . . was performed at the request of the Court and determined to be a suitable environment for the child.

> \*     \*     \*     \*     \*     \*     \*

> That as a result of her illness, there are times when Cynthia Boyce Bush needs assistance with the care of her infant child . . . , and it is provided by her father and stepmother . . . .

> That a homestudy on the Thomas and Esther Boyce household, the maternal grandfather and stepgrandmother of Demi Shontey Boyce was performed at the request of the Court and determined to be a suitable environment for the child.

> \*     \*     \*     \*     \*     \*     \*

> The Court, after consideration of the factors contained in Virginia Code Section 20-124.3 as it relates to the best interest of the child, finds that the best interests of the child, by clear and convincing

4

evidence would be served by granting
temporary custody of the child, in accordance
with [the court's findings], Demi Shontey
Boyce to Brian Bush, the former stepparent
. . . .

"In a custody dispute between a parent and a non-parent, 'the law presumes that the child's best interests will be served when in the custody of its parent.'" Bottoms v. Bottoms, 249 Va. 410, 413, 457 S.E.2d 102, 104 (1995) (quoting Judd v. Van Horn, 195 Va. 988, 996, 81 S.E.2d 432, 436 (1954)). "In all child custody cases, including those between a parent and a non-parent, 'the best interests of the child are paramount and form the lodestar for the guidance of the court in determining the dispute.'" Bailes v. Sours, 231 Va. 96, 99, 340 S.E.2d 824, 826 (1986) (quoting Walker v. Brooks, 203 Va. 417, 421, 124 S.E.2d 195, 198 (1962)).

In order to overcome the presumption favoring a parent, "the nonparent must adduce by clear and convincing evidence that: (1) the parents are unfit; (2) a court previously has granted an order of divestiture; (3) the parents voluntarily relinquished custody; (4) the parents abandoned the child; or (5) special facts and circumstances constitute extraordinary reasons to take the child from the parents." Mason v. Moon, 9 Va. App. 217, 220, 385 S.E.2d 242, 244 (1989). "Once the presumption favoring parental custody has been rebutted, the parental and non-parental parties stand equally before the court, with no presumption in favor of either, and the question is the determination of the

5

best interests of the child according to the preponderance of the evidence." Walker v. Fagg, 11 Va. App. 581, 586, 400 S.E.2d 208, 211 (1991).

"Abandonment of a child without justification establishes parental unfitness. When abandonment exists in a custody dispute between a parent and another, the general rule becomes operative and the child's welfare is the dominant and controlling factor." Patrick v. Byerly, 228 Va. 691, 694-95, 325 S.E.2d 99, 101 (1985). "A voluntary relinquishment [of custody] occurs when a parent willingly agrees or consents to having their child placed in the custody of a nonparent." Mason, 9 Va. App. at 222, 385 S.E.2d at 245.

Because the stepfather prevailed at trial, we must view the evidence and all the reasonable inferences flowing therefrom in the light most favorable to him. In so doing, the evidence established that the mother voluntarily relinquished custody of Shontey to a third party, her father. This action rebutted the statutory presumption of parental preference, and the general rule that the child's welfare controls becomes operative. Sufficient evidence supports the trial court's finding that "after consideration of the factors in Virginia Code Section 20-124.3 as it relates to the best interests of the child, . . . the best interests of the child, by clear and convincing evidence would be served by granting temporary custody . . . to the former stepparent." We conclude that the evidence supports this

6

finding.

Affirmed.