COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


SARAH L. HUMPHRIES
                                        MEMORANDUM OPINION[*]
v.   Record No. 0775-98-2                   PER CURIAM
                                         DECEMBER 8, 1998
CHARLES M. DAVIS, II


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                     William R. Shelton, Judge

            (T. Michael Blanks, Jr.; Barnes & Batzli, on
            brief), for appellant.

            (J. Randolph Smith; Gail H. Miller; Smith &
            Miller, on brief), for appellee.


     Sarah L. Humphries (mother) appeals the decision of the

circuit court finding that she failed to prove that there was a

material change in circumstances since the last custody

determination warranting a modification of custody.  Charles M.

Davis, II (father) was awarded physical custody of the parties'

child by consent order entered September 8, 1995.  On appeal,

mother contends that the trial court erred in (1) failing to find

a material change in circumstances; (2) applying the factors set

out in Code § 20-124.3 to the evidence; (3) applying the

statutory factors and the evidence to its finding of the best

interests of the child; and (4) violating the mandate of Code

§ 20-124.2(B) because the evidence showed that awarding physical

custody to mother would assure both parents frequent and

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

continuing contact with the child.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

Rule 5A:18 bars consideration on appeal of an argument which was not presented to the trial court.  <u>See</u> <u>Jacques v. Commonwealth</u>, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).  The order from which this appeal is taken was endorsed by mother's counsel with the exception "Seen and objected to on the basis there has been a material change in circumstances which warrants a modification of custody."  Mother's counsel raised the essence of her issue four in summary argument before the trial court.  We cannot say from our review of the record on appeal that mother raised either issue two or three with specificity before the trial court.  <u>See</u> Rule 5A:18.  However, our resolution of the threshold question set out as mother's first issue makes a consideration of issues two and three moot.

As the party seeking to change custody, mother bore the burden to prove "(1) whether there has been a change of circumstances since the most recent custody award; and (2) whether such a change would be in the best interests of the child."  <u>Hughes v. Gentry</u>, 18 Va. App. 318, 321, 443 S.E.2d 448, 450-51 (1994) (citing <u>Keel v. Keel</u>, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983)).  In order to allow a change of custody, the change in circumstances must be material.  <u>See</u> <u>Kaplan v. Kaplan</u>,

21 Va. App. 542, 548, 466 S.E.2d 111, 114 (1996). A decision on whether to modify a child custody order is committed to the sound discretion of the trial court. See Wilson v. Wilson, 18 Va. App. 193, 195, 442 S.E.2d 694, 696 (1994). The trial court's determination of whether a change of circumstances exists and its evaluation of the best interests of the child will not be disturbed on appeal if the court's findings are supported by credible evidence. See Walker v. Fagg, 11 Va. App. 581, 586, 400 S.E.2d 208, 211 (1991).

In support of her motion to modify physical custody, mother alleged three specific changes that warranted a review of custody: (1) that her changed work schedule now allowed her to work at home and to be available to care for the parties' child; (2) that mother's marriage was even more established than at the time of the prior custody hearing; and (3) that father's changed residence was not as favorable to the child. The evidence was submitted by deposition testimony, with a brief hearing before the trial court. The trial court found that mother failed to prove a material change in circumstances warranting a change in custody. Credible evidence supports that finding.

Of the changes in circumstances raised by mother to warrant a modification of custody, the one on which the most emphasis was placed was mother's changed work schedule. At the time of the prior hearing, mother was working out of the home on three twelve-hour shifts. Mother's current work schedule is 10:00 a.m.

until 2:30 p.m., and 9:00 p.m. until midnight, five days a week. Mother noted that her current schedule eliminated the need for day care for the parties' son. Mother admitted she was married at the time of the previous hearing, but alleged that the length of her marriage was a material change. Finally, mother alleged that father's new home was in a neighborhood with few children, while her neighborhood had many children.

The overwhelming evidence established that the parties' son is a thriving, happy youngster who is loved by his parents and step-parents and who reciprocates that love. There was evidence that the child has a strong bond with his father and was eagerly anticipating being a "big brother" to his new step-sibling. While mother's changed work schedule was a change in circumstances, we find no error in the trial court's conclusion that mother failed to demonstrate that the change was material. There was no evidence warranting a change in the current stable physical custody arrangement under which the child was doing so well. See Hughes, 18 Va. App. at 322, 443 S.E.2d at 451.

Mother contends, under her second and third issues, that the trial court erred by failing to address the second prong of the Keel test. Assuming arguendo that those issues were preserved for appeal, we find them to be without merit. If a court does not find evidence of a material change of circumstances, consideration of the "best interests" prong of the Keel test is barred by principles of res judicata. See Hiner v. Hadeed, 15

- 4 -

Va. App. 575, 580, 425 S.E.2d 811, 814 (1993).  In the absence of evidence that there was a material change in circumstances, we find no error in the court's failure to expressly apply the evidence to a consideration of the child's best interests or the statutory factors set out in Code § 20-124.3.

Noting that it "recognize[d] the importance of time spent with both natural parents," the trial court increased mother's scheduled visitation with the child.  We find the trial court did not violate the mandate of Code § 20-124.2(B) to "assure minor children of frequent and continuing contact with both parents, when appropriate . . . ."

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.