COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


RICHARD B. SCHOONOVER

                                          MEMORANDUM OPINION[*]
v.    Record No. 0554-99-3                    PER CURIAM
                                          SEPTEMBER 7, 1999
PETULA LEE GREEN SCHOONOVER


                FROM THE CIRCUIT COURT OF FLOYD COUNTY
                        Ray W. Grubbs, Judge

            (Harry F. Bosen, Jr.; Harry F. Bosen, Jr.,
            P.C., on brief), for appellant.

            (John S. Huntington, on brief), for appellee.


     Richard B. Schoonover (father) appeals from the February 17,

1999 order of the circuit court changing custody of the parties'

two sons to Petula Lee Green Schoonover (mother).  On appeal,

father contends that the trial court erred by finding (1) that

mother proved that there had been a material change in

circumstances since the last custody decision; and (2) that the

transfer of custody was in the children's best interests.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  See Rule 5A:27.

     As the party seeking to modify custody, mother bore the

burden to prove "(1) whether there has been a change of

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

circumstances since the most recent custody award; and (2) whether such a change would be in the best interests of the child." Hughes v. Gentry, 18 Va. App. 318, 321, 443 S.E.2d 448, 450-51 (1994) (citing Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983)). See Code § 20-108. The decision to modify a child custody order is committed to the sound discretion of the trial court. See Wilson v. Wilson, 18 Va. App. 193, 195, 442 S.E.2d 694, 695-96 (1994). "'The court, in the exercise of its sound discretion, may alter or change custody or the terms of visitation when subsequent events render such action appropriate for the child's welfare.'" Id. (quoting Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 11 (1986)). The trial court's determination of whether a change of circumstances exists and its evaluation of the best interests of the child will not be disturbed on appeal if the court's findings are supported by credible evidence. See Walker v. Fagg, 11 Va. App. 581, 586, 400 S.E.2d 208, 211 (1991).

### Material Change in Circumstances

Father contends that the trial court entered its most recent custody order on September 24, 1998, and, therefore, mother was obligated to prove that there had been a material change in circumstances during the period between the September and December hearings. We disagree. It is apparent from the record that the trial court made no final custody determination in its order of September 24, 1998. The trial court did not

-

deny mother's motion to change custody.  In the September order, the trial court found that it would be in the children's best interests to have father retain custody and to increase mother's visitation.  However, the trial court ordered father to arrange for the educational testing and counseling of the children as recommended by the licensed clinical psychologist.  Significantly, the trial court also scheduled an additional hearing in December "regarding the children's education and counseling."  The trial court opened the December hearing by noting that "we're here for review of the custody and visitation arrangement."  During that hearing, the court noted that it was being held

> for the Court to review whether or not a correct decision was made last time and to see the interaction of the parents with the children and how their progress was being noted within the classroom and outside the classroom. . . . I wanted the opportunity to review the matter to answer some questions that the Court had.  That was the purpose, really, of this proceeding.

Thus, the December hearing was an additional evidentiary hearing on mother's pending motion.  Mother was required to present evidence that there had been a material change in circumstances since the 1993 order under which father received physical custody.

"Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence."  Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986).  At the time mother filed her

-

motion, the boys were five years older than they were when the trial court entered the original custody order. In 1993, only the older boy had begun elementary school. In 1998, both children were experiencing difficulties in school. Therefore, credible evidence supports the finding of the trial court that there had been a material change in circumstances since the previous custody order.

### Best Interests of the Children

"In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). We find no abuse of discretion in the trial court's finding that it was in the best interests of the children to change custody.

At the December 1998 hearing, the parties presented evidence concerning the children's progress in school. The evidence demonstrated that father did not respond when teachers sent home notes indicating that the older son was not turning in his homework. Father did not respond to teachers' requests for conferences. Despite the fact that the older boy received only Ds and Cs on his first two report cards for fifth grade, father waited until two weeks prior to the hearing to meet with the teachers to discuss the boy's schoolwork. The trial court found that father had "done nothing to support your son in the needs

-

that have been expressed here insofar as his learning advancement is concerned."

Mother presented evidence that she remained involved in the boys' education despite the fact she did not have custody. She met with the teachers and came to the school to have lunch with the boys.

In addition, despite the trial court's expressed concerns about the parents' refusal to cooperate with each other, father refused to enroll in the Children of Divorce seminar when so directed by the court. Mother completed the class.

Therefore, credible evidence supports the finding of the trial court that it was in the best interests of the children to change custody. Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>

-