COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


BRADFORD RAMEY INGRAM

                                    MEMORANDUM OPINION*
v.    Record No. 1966-98-2              PER CURIAM
                                    SEPTEMBER 14, 1999
MELISSA ZURUN INGRAM


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                  Buford M. Parsons, Jr., Judge

        (Bradford Ingram, pro se, on briefs).

        (Darla J. Blatnik, on brief), for appellee.


    Bradford Ramey Ingram (father) appeals the final decree of

divorce entered by the circuit court on August 3, 1998.  The final

decree awarded Melissa Zurun Ingram (mother) a divorce on the

ground that the parties lived separate and apart without

interruption for more than one year; maintained the award to

mother of sole custody of the parties' daughter; denied father's

motion to change custody, visitation, and child support; and

granted mother's Motion For Show Cause Order following father's

failure to pay child support or his share of medical expenses.  On

appeal, father raises twenty-four assignments of error.  Upon

reviewing the record and briefs of the parties, we conclude that

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  <u>See</u> Rule 5A:27.

> Under familiar principles we view [the]
> evidence and all reasonable inferences in
> the light most favorable to the prevailing
> party below.  Where, as here, the court
> hears the evidence <u>ore</u> <u>tenus</u>, its finding is
> entitled to great weight and will not be
> disturbed on appeal unless plainly wrong or
> without evidence to support it.

<u>Martin v. Pittsylvania County Dep't of Social Servs.</u>, 3 Va. App.

15, 20, 348 S.E.2d 13, 16 (1986).

> "The burden is on the party who alleges
> reversible error to show by the record that
> reversal is the remedy to which he is
> entitled."  We are not the fact-finders and
> an appeal should not be resolved on the
> basis of our supposition that one set of
> facts is more probable than another.

<u>Lutes v. Alexander</u>, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859

(1992) (citations omitted).

We address father's issues in the manner in which he

presented his arguments.

### Issues 1, 2, 7, 8, 10, 11, 12, 20 and 21

"In all child custody cases . . . 'the best interests of

the child are paramount and form the lodestar for the guidance

of the court in determining the dispute.'"  <u>Bailes v. Sours</u>, 231

Va. 96, 99, 340 S.E.2d 824, 826 (1986) (citation omitted).

> The authority vested in a trial court to
> decide issues concerning the care, custody,
> support and maintenance of the minor
> children, the visitation rights of the
> non-custodial parent, and the extent to
> which those rights and responsibilities

-

> shall be apportioned between estranged
> parents is a matter of judicial discretion
> which courts must exercise with the welfare
> of the children as the paramount
> consideration.

Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 11 (1986).

Father contends that the trial court violated his constitutional rights by failing to order joint custody as set out in the parties' separation agreement. That argument is without merit. Matters of child custody, like matters of child support, may not be removed from the control of the trial court by agreement of the parties. "Code § 20-108 gives the divorce court continuing jurisdiction to change or modify its decree concerning the custody and maintenance of minor children, and a contract between husband and wife cannot prevent the court from exercising this power." Featherstone v. Brooks, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979). Accordingly, the trial court did not err in refusing to order joint custody as set out in the parties' agreement, in failing to receive unspecified testimony concerning the parties' intent in making the agreement, in refusing to order a jury trial on issues relating to the agreement or in failing to construe provisions of the agreement.

Father raises other constitutional challenges to the trial court's custody decision and to its authority to grant mother a divorce on the ground that the parties lived separate and apart. These arguments were not raised before the trial court. "The

-

Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. The record does not demonstrate good cause for father's failure to raise these issues, nor "affirmatively sho[w] that a miscarriage of justice has occurred, not . . . merely . . . that a miscarriage might have occurred" so as to warrant application of the "ends of justice" provision. Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). Therefore, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

## Issue 3

Father contends that the trial court erred by failing to grant his request for a continuance. "Whether to grant or deny a continuance of a trial is a matter that lies within the sound discretion of a trial court, and its ruling will not be reversed on appeal unless it is plainly wrong." Cardwell v. Commonwealth, 248 Va. 501, 508, 450 S.E.2d 146, 151 (1994). The first reason father offered in support of his request for a continuance on the day of the hearing was that he received the report on the parties' psychological examinations only that

-

morning.  The trial court denied a continuance on that ground,

noting that both parties received the report at the same time.

Father then stated:

> [t]he second [reason for seeking a
> continuance] . . . would be also, uh, a,
> this one we may be able to take care of
> because Mr. Hough, who is conducting the
> psychological evaluation, is actually
> present.  I didn't realized at the time that
> he would be present here today, but
> Ms. Blatnik contacted Mr. Hough while he was
> in the course of conducting the
> psychological evaluations, exchanged
> information with him, presented him with
> tape recordings and so forth and other
> information.  Uh, I would like some
> opportunity to be able to inquire and
> investigate into that, as to the nature of
> the other recordings and so forth, and as to
> whether or not they may have played a part
> in that determination.

Father cross-examined Mr. Hough concerning the tapes and the

psychological report.  We find no indication that father

preserved any further objection to the presence of Mr. Hough at

trial.  We cannot say that the trial court abused its discretion

in denying father's request for a continuance.[1]

### Issues 4 and 18

Father contends that the trial court erred in failing to

hear evidence concerning the parties' income and erred in

---

[1] Father refers to his letter to the trial judge dated April
3, 1998.  We note that, pursuant to the trial judge's
certification dated March 9, 1999, that letter is not part of
the record on appeal and, therefore, not available for our
review.

-

finding that he was voluntarily unemployed.  We find these contentions to be without merit.

In the September 30, 1997 pendente lite order, father was ordered to pay $638 in monthly child support, based upon gross monthly income of $2,500.  At the hearing on April 6, 1998, the trial court received evidence on mother's Motion for Show Cause Order for father's failure to pay any support after September 1997, and on father's motion to change support.  The trial court indicated that it would consider evidence that father was entitled to a modification in child support due to his unemployment.

Under Code § 20-108, a party seeking a reduction in child support has the burden to prove by a preponderance of the evidence a material change in circumstances justifying modification of the support requirement.  See Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987).

> In discharging this burden, a father seeking
> a reduction in support payments must also
> make a full and clear disclosure about his
> ability to pay, and he must show his claimed
> lack of ability to pay is not due to his own
> voluntary act or because of his neglect.  In
> other words, the father must establish that
> he is not "voluntarily unemployed or
> voluntarily under employed."

Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991) (citing Edwards v. Lowry, 232 Va. 110, 112-13, 348 S.E.2d 259, 261 (1986), and Code § 20-108.1(B)(3)).

-

The evidence presented by the parties established that father's last job was with Arnold Kent Publishing Company from May to October 1997. Father initially earned a salary of $30,000. The president, Robert F. Kent, testified that salespeople like father received no salary, but were paid a commission based upon a percentage of the advertising they sold. Pursuant to this practice, father's salary was cut to $15,000 in October 1997, then eliminated. Kent testified that father could have earned up to $90,000 annually and that father had the ability to do the work, but that his work performance deteriorated. Kent also testified that he spoke to father about his poor performance and work ethic before father left the company in October 1997. Father received unemployment for a period of time. However, Arnold Kent Publishing won an appeal to the Virginia Employment Commission, based upon the Commission's determination that father voluntarily left his employment. Father had no income at the time of the hearing and had not held any employment since leaving Arnold Kent Publishing.

The evidence also indicated that father checked himself into a hospital after leaving Arnold Kent Publishing in October 1997, but checked out one week later. He denied being an alcoholic, although he admitted that in the last fifteen months there were "three or four" times "which normally have lasted no more than a week or two" when he "[had] become very frustrated

-

and [had] consumed large amounts of alcohol."  Father testified that he told his current counselor that he consumed a twelve-pack of beer a day, stating

> I think that I told her that there had been days that I had consumed a 12-pack.  I would tell the Court that.  I have no problem with that.  There have been days I've consumed more than that.

Father also admitted that he paid no support for his daughter since September 1997.

The trial court found that father voluntarily left his employment with Arnold Kent Publishing and that the current amount of child support would continue.  Based upon the evidence received at the hearing, we find no error in the trial court's finding that father was voluntarily unemployed.  In addition, while father alleged that mother's earnings were underreported and that the child care costs were inflated, he introduced no evidence supporting his allegations.  Therefore, we find no error in the trial court's denial of father's motion to modify support.

### Issues 5 and 9

Father contends that the trial court failed to consider the statutory factors set out in Code § 20-124.3 and failed to conduct a full hearing before ruling on custody.  We find no merit in these contentions.  The trial court conducted a hearing at which father presented evidence and argument, including his allegations that mother physically abused him.  While father

-

contends that the trial judge indicated he would conduct a full hearing later, it is clear from the record that the trial judge clarified what issues were pending, decided those issues, and referred the matter to the juvenile and domestic relations district court for future proceedings.

As the party seeking to change custody, father bore the burden to prove a material change in circumstances warranting a modification. Based upon the evidence, including the trial court's credibility determination, the trial court found no evidence warranted a change in custody. That finding is clearly supported by the evidence. The trial court's order indicates that the trial court considered the statutory factors, and father has not indicated with specificity which factors he asserts were not considered.

<u>Issue 6</u>

The trial court granted wife's motion for a divorce on the alternative grounds set out in Code § 20-91(A)(9) that the parties lived separate and apart without interruption for over one year. A trial court is "not compelled 'to give precedence to one proven ground of divorce over another.'" <u>Williams v. Williams</u>, 14 Va. App. 217, 220, 415 S.E.2d 252, 253 (1992) (citation omitted). "It is well established that 'where dual or multiple grounds for divorce exist, the trial judge can use his sound discretion to select the grounds upon which he will grant the divorce.'" <u>Id.</u> (citation omitted). Even if the evidence

-

established the alternative grounds father pleaded in his cross-bill, the trial court was entitled to grant the divorce on the proven ground that the parties lived separate and apart in excess of one year.  We find no reversible error in the trial court's decision to grant a no-fault divorce.

### Issue 13

Father contends that the trial court granted mother sole custody based on the court's personal beliefs instead of the law.  "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony."  Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc).  A decision on whether to modify a child custody order is committed to the sound discretion of the trial court.  See Wilson v. Wilson, 18 Va. App. 193, 195, 442 S.E.2d 694, 696 (1994).  The trial court's determination of whether a change of circumstances exists and its evaluation of the best interests of the child will not be disturbed on appeal if the court's findings are supported by credible evidence.  See Walker v. Fagg, 11 Va. App. 581, 586, 400 S.E.2d 208, 211 (1991).

The trial court noted that joint custody was not appropriate under the circumstances of this case, as the parents were unable to cooperate.  Code § 20-124.2(b) provides that "[t]he court shall assure minor children of frequent and

-

continuing contact with both parents, <u>when appropriate</u> . . . ."
(Emphasis added.)  Evidence indicated that father was found
guilty of assaulting mother and of violating a protective order
twice.  He was diagnosed with borderline personality disorder,
with the additional note that "[a]lcohol only complicates the
clinical picture."  Father admitted drinking, at times to
excess.  He admitted having brought police to his daughter's
day-care center two times.  He admitted making numerous phone
calls, often abusive, to mother and to mother's counsel and
family.  We find no error in the trial court's decision to deny
father's motion for joint custody.

Issue 14

Father sought the appointment of a guardian <u>ad</u> <u>litem</u> and a
court-appointed special advocate.  The trial court has
discretionary authority to appoint a guardian <u>ad</u> <u>litem</u> upon its
determination that such appointment is necessary to protect the
best interests of a child.  <u>See</u> <u>Verrocchio v. Verrocchio</u>, 16 Va.
App. 314, 319, 429 S.E.2d 482, 485 (1993).  "The appointment of
a guardian <u>ad</u> <u>litem</u> is not necessary in every case but only in
those in which the court makes a factual determination that it
would be necessary to protect the interests of the child."
<u>L.C.S. v. S.A.S.</u>, 19 Va. App. 709, 723, 453 S.E.2d 580, 588
(1995).

The evidence before the trial court included psychological reports on both parents and a home study on mother. The Chesterfield-Colonial Heights Department of Social Services tried unsuccessfully to schedule an interview with father and to have father complete the paperwork necessary to conduct father's home study. While father went forward without counsel, he presented evidence, including witnesses. We find no indication that the litigation was "one-sided" or that the trial court erred by failing to appoint a guardian ad litem for the child.

## Issue 15

The trial court overruled father's objection to the testimony of the child's day-care teacher, stating that

> in the best interest of the child, I'm going to try to hear some of this information. I may not make a decision today, but I'm going to try to hear the best interest of what to do with this child.

The teacher's testimony was relevant to the issues before the court. She gave specific testimony concerning two incidents at the day-care center in February and March 1998 when father became upset that the child was not at the center and called the police. The teacher also testified that during the February incident, father smelled like alcohol. We find no abuse of discretion in the trial court's decision to allow the teacher to testify. While father contends that he would have called the police officers as witnesses, he raises this contention for the

-

first time on appeal, and we will not consider it.  See Rule 5A:18.

## Issue 17

For the reasons set out under Issue 6, we find no error in the trial court's decision to grant a divorce on no-fault grounds and to limit evidence relating to other alleged grounds of divorce.  The parties had sufficient opportunity to present evidence concerning the best interests of the child.  Pursuant to husband's request, both parties underwent psychological examinations and the results were reported to the court.  Mother also introduced evidence of father's prior conviction for assaulting her.  We find no merit in father's contention that he was denied a full hearing.

## Issues 19 and 23

Father alleged mother perjured herself in the criminal proceedings and conspired to defraud the court.  He presented no evidence to support his assertion.  Fraud must be pleaded with particularity and established by clear and convincing evidence. See Mortarino v. Consultant Eng'g Servs. Inc., 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996).  We find no error in the circuit court trial judge's refusal to consider father's unsubstantiated allegations of fraud arising in other courts.

## Issue 24

Father contends that the trial court erred by refusing to require mother to answer all interrogatories or to take as

-

admitted his requests for admission.  We find no indication that father preserved these contentions for appeal.  See Rule 5A:18.

## Issue 22

Father failed to address this issue in his brief.  We therefore do not consider it further.  "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.  We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Upon consideration of the record and the proceedings before this Court, we grant appellee's petition for attorney's fees related to the appeal and remand to the trial court for determination of an appropriate award.

Accordingly, the decision of the circuit court is summarily affirmed and the case remanded for additional proceedings with respect to attorney's fees.

Affirmed and remanded.

-