COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


JOHN R. ZAMPOLIN

                                      MEMORANDUM OPINION*
v.    Record No. 1647-99-2              PER CURIAM
                                       DECEMBER 28, 1999
MARY ELIZABETH BARNUM HICKS


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                   Theodore J. Markow, Judge

          (David B. Hargett; Morrissey & Hershner, PLC,
          on brief), for appellant.

          (Susan C. Armstrong; Melissa J. Roberts;
          Mays & Valentine, L.L.P., on brief), for
          appellee.


     John R. Zampolin appeals the decision of the circuit court

granting the petition of Mary Elizabeth Barnum Hicks to modify

visitation.  Zampolin raises the following issues:  (1) whether

the circuit court had jurisdiction when a Petition for Custody was

filed by Zampolin in the juvenile and domestic relations district

court before Hicks filed a Petition for Reinstatement in the

circuit court; (2) whether the trial court erred by refusing to

receive and properly consider the son's testimony as to his

preference; and (3) whether the trial court abused its discretion

in evaluating the evidence and determining the best interests of

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

the child.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

## Jurisdiction

The circuit court awarded Hicks legal and physical custody of the parties' son and referred this matter to the juvenile court.  On March 14, 1996, the circuit court reinstated the case, denied Hicks' Motion to Modify Decree, and struck the matter from the docket without referring it to the juvenile court.  On July 21, 1997, the circuit court granted Zampolin's motion to reinstate the matter, later denied Zampolin's motion to modify custody, visitation and child support, and struck the matter from the docket without referring it to the juvenile court.  When Hicks filed a Petition to Show Cause in the circuit court on November 6, 1997, alleging support arrearages, the circuit court referred that issue to the juvenile court.

On April 8, 1999, Zampolin filed in the juvenile court a motion to amend custody, and Hicks filed in the circuit court her petition to modify visitation.  The circuit court granted Hicks' petition to reinstate the case on the circuit court's docket.

We find no error in the circuit court's exercise of jurisdiction.  The record clearly establishes that custody and visitation matters were not transferred to the juvenile court after being reinstated in the circuit court.  The order entered

-

October 10, 1997 struck the case from the docket after denying Zampolin's petition to modify custody, visitation, and child support.  It did not create concurrent jurisdiction with the juvenile court.  Cf. Crabtree v. Crabtree, 17 Va. App. 81, 84, 435 S.E.2d 883, 886 (1993) (holding that a transfer from a circuit court to a juvenile court pursuant to Code § 20-79(c) "conveys concurrent jurisdiction on the [juvenile court] to hear those matters, but . . . does not divest the circuit court of its continuing jurisdiction to consider those issues, should it exercise its discretion to do so").  Moreover, in the absence of a transfer, the juvenile court lacked jurisdiction to hear this matter.  Therefore, the circuit court retained jurisdiction to reinstate the matter.  Zampolin's contention that Hicks engaged in "forum shopping" is without merit.

### Consideration of the Child's Preference

Zampolin contends that the circuit court erred by failing to consider the preference of the parties' son, Jack, contrary to the requirement of Code § 20-124.3(7).  We find this contention to be without merit.

By order entered June 18, 1999, the circuit court granted Hicks' motion to modify visitation due to her upcoming relocation to Georgia with her current husband.  Code § 20-124.3(7) provides:

> In determining best interests of a child for purposes of determining custody or visitation arrangements including any

-

> pendente lite orders pursuant to § 20-103,
> the court shall consider the following:
>
> *       *       *       *       *       *       *
>
> 7.  The reasonable preference of the child,
> if the court deems the child to be of
> reasonable intelligence, understanding, age
> and experience to express such a preference
> . . . .

The circuit court spoke with the child in camera, noting that "I don't want him to think there's some repercussion from whatever he tells me."  Neither party objected to the trial judge's in camera discussion.  We find no abuse of discretion in this procedure, which was clearly designed to allow the court to hear from the child without imposing upon him the unconscionable task of expressing a preference in front of his parents or their representatives.

After meeting with Jack, the trial court noted that he was "an impressive young man" and that "it was a pleasure to talk with him."  In its written order, the trial court acknowledged that "[Jack's] preference is that he not leave Richmond.  This is expressed more in the normal apprehension of the unknown than a preference for one parent over the other."  Therefore, the trial court considered the preference expressed by the child, as well as its basis.  We will not reverse the trial court's evaluation of testimony heard ore tenus.

-

<u>Best Interests of the Child</u>

As the party seeking to modify visitation, Hicks bore the burden to prove that a change of circumstances occurred and that such a change in visitation would be in the best interests of the child.  <u>See</u> Code § 20-108.  <u>See</u> <u>also</u> <u>Parish v. Spaulding</u>, 257 Va. 357, 513 S.E.2d 391 (1999); <u>Hughes v. Gentry</u>, 18 Va. App. 318, 321, 443 S.E.2d 448, 450-51 (1994).  "In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling considerations.'"  <u>Kogon v. Ulerick</u>, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted).  Trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.  <u>See</u> <u>Farley v. Farley</u>, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).  It was uncontested that there was a change in circumstances due to Hicks' pending relocation to Georgia with her new husband.  "'The court, in the exercise of its sound discretion, may alter or change custody or the terms of visitation when subsequent events render such action appropriate for the child's welfare.'"  <u>Wilson v. Wilson</u>, 18 Va. App. 193, 195, 442 S.E.2d 694, 695-96 (1994) (quoting <u>Eichelberger v. Eichelberger</u>, 2 Va. App. 409, 412, 345 S.E.2d 10, 11 (1986)).  The trial court's evaluation of the best interests of the child will not be disturbed on appeal if the court's findings are

supported by credible evidence.  See Walker v. Fagg, 11 Va. App.

581, 586, 400 S.E.2d 208, 211 (1991).

Zampolin contends that the circuit court failed to properly

weigh the evidence and failed to consider the best interests of

the child before granting Hicks' motion to modify visitation.

The trial court heard the evidence, including the testimony of

the parties and their witnesses.  In making its decision, the

trial court expressly considered the statutory factors set out

in Code § 20-124.3.  The court noted that it found "no factor

weighing in favor of or against either parent, except as

specifically discussed here."  The court then noted that,

> [f]rom the earliest times, [Zampolin's]
> hostility toward [Hicks] has prevented any
> significant cooperation with the mother.
> His testimony at the hearing was heavily
> weighted toward tearing down [Hicks] as
> opposed to emphasizing his strengths.  For
> years he has kept copious notes and diaries
> recording instances which he believes will
> show the mother in a negative light. . . .
> His record keeping is not reflective of
> someone attempting to work with the other
> parent for their child's good, but rather a
> disposition to build a case for an advantage
> over [Hicks] and to cast her in a negative
> light.  At the hearing, [Zampolin] made no
> meaningful proposal or plan to enable the
> son to maintain a relationship with his
> mother should he gain custody.  When asked
> that question, it was apparent that he had
> given the subject no consideration
> whatsoever.

Based upon the evidence, including the testimony of the parties,

and after considering the statutory factors, the trial court

granted Hicks' motion to modify visitation.  The circuit court's

-

decision was based upon its evaluation of the testimony heard ore tenus and its determination of the child's best interests. The trial court also considered but rejected Zampolin's Motion for Reconsideration, in which Zampolin raised at length the arguments on which he based this portion of his appeal. Credible evidence supports the trial court's factual determinations.  We find no grounds to reverse the trial court's exercise of its discretion authority.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-