**Salem**

KENNETH E. SMITH, et al.

v.

NANCY POND

No. 1215-86

Decided October 6, 1987

COUNSEL

Edward L. Weilbacher, for appellant.

H. K. St. Clair, for appellee.

OPINION

**COLEMAN, J.** — Kenneth E. Smith and Georgia Smith appeal the decision of the trial court granting custody of their daughter, Ciara Dawn, to Nancy Pond. The Smiths assert that the trial court erred in finding that they voluntarily relinquished custody of Ciara Dawn, that the record does not establish clear and convincing evidence of special facts and circumstances to justify granting custody to a non-parent, and that custody with the natural parents will serve Ciara's best interests.

We find from the record that the special facts and circumstances are not sufficient to justify granting custody of Ciara Dawn to Nancy Pond. We find that the only conclusion supported by the evidence is that the child's best interest would be served by granting custody to her parents. We therefore reverse and award custody of Ciara Dawn to her natural parents, the Smiths.

The Smiths and their five children moved to Covington, Virginia from Ohio in November 1984, because they were unable to find work in Ohio. By February of 1985 they had not found employment in Virginia so they decided to return to Ohio. Georgia Smith testified she asked Nancy Pond, her maternal aunt, to keep three of her children while Georgia and Kenneth set up their household in Ohio. Before returning to Ohio, the Smiths signed a notarized document which Pond had prepared that granted "permanent custody" of the three children to Pond. Georgia Smith testified that Pond told her the document would grant temporary

custody; Pond maintains she told Smith she wanted permanent custody. After the Smiths moved to Ohio, Georgia returned to Virginia in May 1985, to pick up the three children. Pond refused to return them. Smith later petitioned the juvenile and domestic relations court for custody. That court granted custody of Kenda Gail and Belinda Fay to the Smiths and custody of Ciara Dawn to Pond. Both parties appealed and the circuit court awarded custody in the same way. The trial court based its custody award of Ciara Dawn to Pond on special facts and circumstances justifying removal of the child from the custody of her natural parents. The special facts and circumstances relied upon were Ciara Dawn's medical problems: a cleft palate with resulting nutritional problems, skin disease, and eye problems. The sole issue in this appeal is the order granting custody of Ciara Dawn to Nancy Pond.

In any child custody decision, the lodestar for the court is the best interest of the child. *Venable v. Venable*, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986). The law presumes that the best interest will be served when the child is in the custody of the natural parents. *Judd v. Van Horn*, 195 Va. 988, 995-96, 81 S.E.2d 432, 436 (1954). This presumption is rebuttable, however, if the non-parent adduces clear and convincing evidence that (1) the parents are unfit; (2) a court previously has granted an order of divestiture; (3) the parents voluntarily relinquished custody; (4) the parents abandoned the child; or (5) special facts and circumstances constitute an extraordinary reason to take the child from the parents. *Bailes v. Sours*, 231 Va. 96, 100, 340 S.E.2d 824, 827 (1986). Once the presumption favoring parental custody is rebutted, the natural parents who are seeking to regain custody must bear the burden of proving that custody with them is in the child's best interests. *Shortridge v. Deel*, 224 Va. 589, 594, 299 S.E.2d 500, 503 (1983).

Because we decide the question of Ciara Dawn's custody on the basis whether special facts and circumstances exist to justify the custody award of her to Pond, we only incidentally address the issue of voluntary relinquishment. For purposes of this opinion, we accept the trial court's finding that the Smiths voluntarily relinquished the children's custody to Pond. A finding of voluntary relinquishment meant that Pond successfully rebutted the presumption favoring natural parents over non-parents; thus, the Smiths

had to prove that custody with them was in the children's best interest. Although the trial court made no specific findings of the children's best interest, the return of Kenda Gail and Belinda Fay to the custody of their natural parents necessarily implies that the trial court found that those children's best interests were so served. If the Smiths had failed in that proof, the trial court should have awarded custody of all three to Pond.

The record supports the finding that the children's best interests were served by awarding custody to the natural parents. The Department of Human Services of Lawrence County, Ohio, found the Smith home to be well maintained, clean, adequately furnished, and suitable for all five children. The department made no finding of unfitness. The evidence shows that the Smiths asked Pond to take the children because the Smiths faced financial difficulty in their move back to Ohio from Virginia, and they feared they could not provide for the children. Finally, although the presumption favoring the natural parents disappears after the finding of voluntary relinquishment, the trial judge is not required to disregard the fact that familial bonds may be a significant factor in a child's life. A consideration of best interest may require recognition of those bonds. The record did not suggest parental abuse, neglect or irresponsibility. Thus, the evidence supports the finding that the best interests of at least two of the children were served by awarding custody to the natural parents.

While the trial court may have found that the presumption favoring parental custody of Ciara Dawn was rebutted by either voluntary relinquishment or special facts and circumstances, or both, its custody award to Pond was predicated on a finding of clear and convincing evidence of special facts and circumstances which justified removing the child from the custody of her parents and a determination that the child's best interest would be served with Pond. *Bailes*, 231 Va. at 100-01, 340 S.E.2d at 827. In *Bailes*, the trial court found that the stepmother's physical custody of the child for nearly ten years, the natural mother's infrequent visits during most of that time, the testimony of the twelve year old boy that his stepmother "was his life," and the psychologist's conclusion that to transfer custody to the natural mother would have a "significant, harmful, long-term impact" on the child constituted extraordinary circumstances that justified custody remaining with the stepmother. *Id.* at 101, 340 S.E.2d at

827-28.

In contrast, the trial court in the present case found that "[m]edical history and treatment constitutes special facts and circumstances which exist with regard to the custody of Ciara Dawn Smith which constitute reason for taking her from her parents." We find insufficient evidence to support such a finding. While medical conditions could and do in this case constitute extraordinary circumstances, these conditions would justify taking a child from his or her parents only if the natural parents were unable or unwilling to provide adequate medical care for their child, or refused, neglected, or failed to do so. There is no such evidence here. The record establishes that the Smiths were aware of Ciara's medical problems, concerned about them, and had taken actions to see that her medical needs were met. The record also establishes that Nancy Pond took steps to address Ciara's medical problems. Since both parties acted commendably and in the best interest of the child, the medical circumstances of the child do not dictate an award of custody to either the Smiths or Pond. The child's medical needs were being met by both. The medical situation of Ciara Dawn is thus insufficient reason to take the child from the custody of her parents or to rebut the presumption favoring parental custody. We reverse the trial court's finding that special facts and circumstances justified an award of custody of Ciara Dawn to Nancy Pond.

We are faced with the issue of custody of Ciara in light of the trial court's finding of a voluntary relinquishment. We recognize that the best interest of one of the children of a family may not necessarily be in the best interest of all; consequently a remand most often may be necessary to reconsider the best interest of a particular child. Aside from the medical problems, nothing in the record distinguishes Ciara Dawn from the two children who were returned to the Smiths. We find nothing in the record which would justify a finding that the best interest of Ciara Dawn would be served by separating her from her siblings or granting custody to Pond rather than to her parents. Consequently, nothing justifies dividing custody in this case. For these reasons, the trial court's order that custody of Ciara Dawn Smith be awarded to Nancy Pond is reversed. The custody award of Kenda Gail Smith and Belinda Fay Smith to Kenneth and Georgia Smith was not appealed and is final. Custody of Ciara Dawn Smith is awarded to

Kenneth and Georgia Smith.

*Reversed and*
*final order.*

Duff, J., and Hodges, J., concurred.