COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


KIMBERLY ANNE WEIG

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0756-96-2        CHIEF JUDGE NORMAN K. MOON
                                       FEBRUARY 4, 1997
LAWRENCE GEORGE WEIG, JR.

              FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                        J. Peyton Farmer, Judge

              Owaiian M. Jones (Law Offices of Owaiian M.
              Jones, on brief), for appellant.

              No brief or argument for appellee.


     Appellant, Kimberly Anne Weig, appeals the March 4, 1996

custody order of the circuit court.  Appellant contends: (1) the

evidence failed to establish by clear and convincing evidence

that she voluntarily relinquished custodial rights to her son;

(2) no extraordinary circumstances existed which would overcome

the presumption favoring the biological parent; (3) the evidence

failed to establish that appellee, the nonparent, provided all

day-to-day care and exhibited excellent parenting skills; (4) the

evidence failed to establish that appellee had obtained custody

because the temporary custody order was without prejudice; and

(5) the evidence failed to establish that it would be in the

child's best interests for appellee to have custody.  We find

that the trial court properly found that special facts and

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

circumstances existed which warranted granting custody to appellee. Accordingly, we affirm the trial court's award of custody to appellee.

Appellant and appellee were married on February 15, 1984, in Maryland. On October 2, 1990, appellant gave birth to her son, Ryan. The circuit court ruled in its May 12, 1995 divorce decree that Ryan was not a child of the marriage. While appellee is listed on Ryan's birth certificate as his father, the parties have stipulated that Ryan is not the appellee's biological child.

After Ryan's birth, the parties resided together as a family until February, 1994. At that time, because of continuing differences between the parties, appellant left the marital residence and moved from Spotsylvania County to Williamsburg, Virginia. The parties entered into a marital settlement agreement dated February 3, 1994. Appellant also decided that because of her financial situation and her desire to go to school full time, it would be in Ryan's best interest to leave him in appellee's custody. On March 30, 1994, appellee filed a pro se petition for divorce in the Circuit Court of Spotsylvania County. On May 12, 1995, the circuit court entered its decree of divorce a vinculo matrimonii, in which the court retained jurisdiction over the matters of custody and child support.

During the hearing, appellant acknowledged that since her departure from the marital residence in February, 1994, appellee provided for all of Ryan's physical and emotional needs. Appellant further acknowledged that appellee has actively

facilitated appellant's visitation with Ryan and that "[a]ppellee spends a vast amount of time and energy on Ryan." At trial, testimony was presented indicating that "Ryan appeared to be [a]ppellee's number one concern, and that Ryan appeared to be a major factor in all of [a]ppellee's decisions." Evidence was also received that "[a]ppellee did an excellent job of taking care of Ryan, has excellent parenting skills, and was appropriate in his behavior with Ryan." Appellant testified that appellee had, however, exhibited violent tendencies in the past and that appellee was "too controlling" of appellant's visits with Ryan. Appellant did, however, recognize that these "violent tendencies" had been displayed prior to her leaving Ryan in appellee's custody. No evidence was presented suggesting that appellee ever physically abused Ryan.

Appellee argued that appellant should not have custody of Ryan because her financial and home situations were not stable and because appellant spends time with people who abuse drugs and alcohol. Appellee further argued that appellant should not have custody because Ryan has been having emotional difficulties dealing with the parties' separation, which necessitated his enrollment in a special preschool and visitation with a counselor. Appellee asserts that removal of Ryan from these programs will be detrimental and that appellant has no plans for ensuring that Ryan continues to have access to counseling services.

In its letter opinion of October 31, 1995, the circuit court

awarded custody to appellee, finding that the evidence established that appellant made a voluntary relinquishment and further that appellee proved by clear and convincing evidence that extraordinary circumstances existed which overcame the presumption favoring the biological mother.  Appellant requested a rehearing, which was held on March 4, 1996.  At that time, the court affirmed its opinion letter, entering a child custody and support order awarding appellee custody.

"In all child custody cases, including those between a parent and nonparent, `the best interests of the child are paramount and form the lodestar for the guidance of the court in determining the dispute.'"  Bailes v. Sours, 231 Va. 96, 99, 340 S.E.2d 824, 826 (1986) (quoting Walker v. Brooks, 203 Va. 417, 421, 124 S.E.2d 195, 198 (1962)).  Where a natural parent and nonparent engage in a custody dispute, the presumption is that "the best interest of the child will be served when in the custody of the natural parent."  Mason v. Moon, 9 Va. App. 217, 220, 385 S.E.2d 242, 244 (1989).  Accordingly, "the rights of the [natural] parents may not be lightly severed but are to be respected if at all consonant with the best interest of the child."  Wilkerson v. Wilkerson, 214 Va. 395, 397, 200 S.E.2d 581, 583 (1973).  To overcome the presumption favoring a natural parent, the nonparent must prove by clear and convincing evidence that: "(1) the parents are unfit; (2) a court previously has granted an order of divestiture; (3) the parents voluntarily relinquished custody; (4) the parents abandoned the child; or (5)

- 4 -

special facts and circumstances constitute extraordinary reasons to take the child from the parents."  Mason, 9 Va. App. at 220, 385 S.E.2d at 244 (citing Bailes, 231 Va. at 100, 340 S.E.2d at 827).

Here, the circuit court specifically considered the five factors delineated in Bailes, and found that the "evidence establishes that [appellant] made a voluntary relinquishment and . . . that [appellee] has proved by clear and convincing evidence that there are extraordinary circumstances which overcome the presumption favoring the mother."  We need not reach the issue of whether voluntary relinquishment occurred because we find the evidence sufficient to sustain the trial court's finding of special facts and circumstances.

In determining whether sufficient evidence has been presented to rebut the presumption in favor of the natural parent having custody, the trial court must consider all the evidence before it.  Id. at 220, 385 S.E.2d at 244.  Further, on appeal, the trial court's findings are entitled to great weight and will not be disturbed unless plainly wrong or unsupported by the evidence.  Bailes, 231 Va. at 100, 340 S.E.2d at 827.  Here, the trial court indicated those special facts and circumstances it considered, finding that:

> The child has resided with [appellee] since February, 1994.  Ryan has some emotional problems and [appellee] has arranged for counseling.  [Appellee] has provided all of the day-to-day care for Ryan since he obtained custody and has exhibited excellent parenting skills.  He has made personal sacrifices in trying to do what was best for

the child.

In addition, the record indicates that during the more than two year period in which Ryan resided with appellee, appellant averaged visiting her son only twice a month and provided little if any emotional and financial support for her child.

Evidence of Ryan's emotional problems, which are being addressed by appellee, combined with evidence of Ryan's complete dependence on appellee and appellant's lack of involvement with, or support of, Ryan for a period of more than two years is sufficient to sustain the trial court's finding of special facts and circumstances.

Once the trial court found that special facts and circumstances existed which warranted awarding custody to appellee, the burden shifted to appellant to prove that it would nevertheless be in the best interests of the child for her to have custody.  Smith v. Pond, 5 Va. App. 161, 163, 360 S.E.2d 885, 886 (1987).  Appellant offered no such proof in this case. To the contrary, appellant acknowledged appellee's love for her son, his excellent parenting skills, and the time and energy appellee has spent in caring for Ryan.  The evidence is sufficient to sustain the trial court's finding that Ryan's best interests are served by awarding continued custody to appellee.

Accordingly, we affirm the trial court's decision.

Affirmed.