COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Overton and Senior Judge Duff
Argued at Alexandria, Virginia


PENNY CARTER

MEMORANDUM OPINION* BY
v.          Record No. 3078-97-4          JUDGE RICHARD S. BRAY
                                          OCTOBER 13, 1998
JOAN BROWN


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
William D. Hamblen, Judge

Javier M. Guzman (Colleen R. Olszowy; Sharon
Fast Gustafson; Crowell & Moring LLP, on
briefs), for appellant.

Anne Tyler Godson for appellee.


Acting on petition of Penny Carter (mother) praying for custody of her infant daughter (child), the trial court ruled that mother failed to prove the requisite change in circumstances since an earlier award of custody to Joan Brown, child's paternal grandmother (grandmother), and ordered that custody remain with grandmother.  Mother appeals, complaining that the court erroneously declined to favor mother with the "parental presumption" and acted contrary to child's best interests. Finding no reversible error, we affirm the disputed order.

The parties are conversant with the record, and this memorandum opinion recites only those facts necessary to disposition of the appeal.  In accordance with well established principles, we must "review the evidence in the light most

---

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

favorable to the prevailing party below," grandmother in this instance. <u>Hughes v. Gentry</u>, 18 Va. App. 318, 322, 443 S.E.2d 448, 451 (1994).

The relevant procedural history is uncontroverted. On petition of the Fairfax County Department of Human Development, the Fairfax County "Family Court" (J&D court) found that child was "abused and neglected" and, by order dated February 24, 1992, awarded grandmother "legal custody." In August 1992, mother petitioned the J&D court to restore custody to her, alleging a change in circumstances since the February order. In the related decree, entered March 30, 1994, the J&D court found that mother had established a change of circumstances, expressly noting that she had remained "drug-free," remarried, given birth to another child, and regularly exercised visitation with the subject child. Nevertheless, the court concluded that child had developed "a stable life and . . . bond with her paternal grandmother" and that it was not in child's best interests to transfer custody to mother.[1] Mother failed to prosecute an appeal of this order, and it became a final adjudication of her petition.[2]

---

[1] Mother's petition expressly asserted the "preference of custody in the parent[s]" but the court implicitly refused to apply the parental presumption, ruling that the "burden of proof . . . is upon mother to show . . . that the circumstances have so changed that it would be in the best interests of the child to transfer custody to her."

[2] Mother's complaint that this procedural default resulted from ineffective counsel was not properly presented before the trial court and will not be considered on appeal. Rule 5A:18.

In April of 1995, mother initiated the instant proceeding by petition in the Juvenile and Domestic Relations District Court of Prince William County, again seeking custody and arguing that a change in circumstances, together with child's best interests, necessitated a transfer. By order entered May 2, 1997, the Prince William County J&D court dismissed the petition, finding "no material change of circumstances which would justify the modification of the [March 30, 1994] order."

Mother appealed to the trial court and, following a lengthy hearing, the court determined, by order entered November 24, 1997, that mother had "not satisfied either the matter of proving that there had been a substantial change of circumstances since the Custody Order on March 30, 1994 . . . or that transfer of custody from the paternal grandmother to the natural mother would be in the best interests of the child." On appeal to this Court, mother contends that the trial court erroneously failed to apply the presumption that parental custody best serves the interests of children and ruled contrary to child's best interests.

CHANGE OF CIRCUMSTANCES

It is well established that a trial court "may, from time to time . . ., on petition of either of the parents, . . . revise [a prior] decree concerning the care, custody and maintenance of the children and make a new decree concerning same, as the circumstances . . . may require." Code § 20-108. "In such cases, before evaluating whether to modify a decree, the court

- 3 -

must initially find that a 'material change in circumstance[s]'" has occurred following a prior custody award.  Bostick v. Bostick-Bennett, 23 Va. App. 527, 535, 478 S.E.2d 319, 323 (1996) (citations omitted).  Absent a material change, the principle of res judicata precludes reconsideration and revision of the earlier decree.  See id.  "[O]nce [this] threshold finding is made, the court must evaluate whether a change in custody would be in the best interests of the child."  Id.; see Hughes, 18 Va. App. at 321, 443 S.E.2d at 450.

Ordinarily, the movant must establish both that the circumstances have changed and that the best interests of the child require a transfer of custody.  See Hughes, 18 Va. App. at 321, 443 S.E.2d at 450.  However, "[i]n custody disputes between a natural parent and a nonparent, the law presumes the best interest of the child will be served when in the custody of the natural parent."  Mason v. Moon, 9 Va. App. 217, 220, 385 S.E.2d 242, 244 (1989) (citation omitted).  "This presumption is rebuttable, . . . if the non-parent adduces clear and convincing evidence that . . . a court previously has granted an order of divestiture . . . ."  Smith v. Pond, 5 Va. App. 161, 163, 360 S.E.2d 885, 886 (1987) (citing Bailes v. Sours, 231 Va. 96, 100, 340 S.E.2d 824, 827 (1986)).  Once rebutted, the natural parents "must bear the burden of proving that custody with them is in the child's best interests."  Id.; see McEntire v. Redfearn, 217 Va. 313, 315, 227 S.E.2d 741, 743 (1976).

Similarly, a parent confronting a divestiture of custody must establish "that circumstances had so changed that it [is] in the child[]'s best interests to transfer custody to [the parent]." McEntire, 217 Va. at 316, 227 S.E.2d at 743 (citations omitted). "This rule advances the obvious benefits of providing stability in the life of the child whose custody is the subject of the conflict . . . ." Hughes, 18 Va. App. at 322, 443 S.E.2d at 451. On appeal, a trial court's resolution of the issue of changed circumstances is presumed correct and will be disturbed only if plainly wrong or without support in the record. See id.

Here, assuming, without deciding, that the Fairfax J&D court only conditionally divested mother of custody in its 1992 order, the 1994 order determined the issue of custody on the merits of circumstances then prevailing. The 1994 order provided that custody of child be vested in grandmother, clearly displacing mother's parental right of preference. See McEntire, 217 Va. at 315, 227 S.E.2d at 743. Consequently, upon institution of the present proceeding, mother "was not clothed with the parental presumption generally accorded natural parents in a dispute with non-parents," and the burden was upon her to prove that the circumstances had changed since the 1994 order. Id. at 316, 227 S.E.2d at 743.

Our review of the record discloses mother's commitment to a constructive lifestyle, free of drugs and consistent with responsible parenting. Successful employment, an enduring

marriage, custody of two children, and a warm relationship with child all bespeak mother's parental fitness. However, these positive factors were substantially before the J&D court in 1994, together with the continuing evidence that both mother and grandmother were proper custodians of child. Under such circumstances, the trial court's finding that mother had failed to establish the requisite change in circumstances since the 1994 order is supported by the record and not plainly wrong.

Accordingly, we affirm the disputed order.

<u>Affirmed.</u>