COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


EARL FIELDS

MEMORANDUM OPINION*

v.    Record No. 1936-99-2                    PER CURIAM
                                          FEBRUARY 8, 2000
HOPEWELL DEPARTMENT OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                    Robert G. O'Hara, Jr., Judge

            (Stefan Mitchell Calos, on brief), for
            appellant.

            (Edwin N. Wilmot, City Attorney, on brief),
            for appellee.


     Earl Fields appeals the decision of the circuit court

terminating his parental rights to his son.  Fields contends that

the trial court erred by (1) terminating his parental rights

despite the fact that the Hopewell Department of Social Services

(DSS) made no effort to communicate with him or to strengthen the

father-child relationship, or to assist in remedying the

conditions which led to the foster care placement; (2) relying

upon his incarceration to establish his inability to care for the

child; and (3) finding that there was sufficient evidence that

termination was in the child's best interests.  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

without merit.  Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

On appeal, under familiar principles, we view the evidence and all reasonable inferences in the light most favorable to DSS, the party prevailing below.  <u>See</u> <u>Martin v. Pittsylvania County Dep't of Soc. Servs.</u>, 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).  "Where, as here, the court hears the evidence <u>ore</u> <u>tenus</u>, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  <u>Id.</u>  "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests."  <u>Logan v. Fairfax County Dep't of Human Dev.</u>, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (citations omitted).

> When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests.  On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests."

<u>Id.</u> (citations omitted).

DSS obtained custody of the child from the mother in 1988 when the child was seventeen months old.  The mother told DSS that the whereabouts of the father were unknown.  The child was in the custody of the maternal grandmother from 1988 until 1994, when DSS

-

resumed custody.  In 1997, DSS obtained an order terminating the parental rights of the mother and filed a petition to terminate Fields' parental rights.

Fields never contacted DSS or provided support for the child. In 1988, when the child came into foster care, Fields was incarcerated.  He was released in June 1992 and again incarcerated in April 1993.  At the time of the hearing in 1999, Fields was serving a thirty-eight year sentence for abduction, a seventeen year sentence for robbery, and a twelve month sentence for assault.  Fields testified that he knew the child was his and that he provided money for diapers and clothing when he was not in prison.  However, the evidence indicated that Fields did not acknowledge the child until a December 1998 paternity test established that he was the child's biological father.

The trial court found that DSS presented clear and convincing evidence meeting the statutory requirements set out in Code § 16.1-283(C)(1) and (C)(2) and establishing that termination was in the child's best interests.  Fields appealed.

### Failure to Provide Services

Fields contends that DSS failed to provide any services to him designed to address the reasons for the child's placement in foster care or to strengthen the father-child relationship.  He cites Cain v. Commonwealth, 12 Va. App. 42, 402 S.E.2d 682 (1991), to support his contention that incarceration does not automatically satisfy the evidentiary requirements of Code

-

§ 16.1-283 and that the agency must make "[r]easonable and appropriate efforts . . . to assist a delinquent parent in remedying the conditions that lead to a parent's temporary relinquishment of the children . . . ." Id. at 45, 402 S.E.2d at 683.  However, whether DSS made "'reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case." Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 338, 417 S.E.2d 1, 4 (1992).  In Cain, the agency had contact with the mother while she was incarcerated, yet failed to offer her reasonable and appropriate services designed to remedy the underlying causes of neglect.  In contrast, DSS was unable to contact Fields because neither the mother nor Fields made his whereabouts known.  Fields was absent from the child's life.  He made no attempt to assert any parental interest in the child.  He provided no support and made no attempt to contact the child throughout the years that the child was in the custody of DSS.  Fields has failed to demonstrate that, under the circumstances in this case, DSS failed to meet its statutory obligations to provide services.

## Reliance on Incarceration

Fields contends that the trial court erroneously found that he was unable to care for the child presently and unlikely to be able to provide care in a reasonable period of time due to his incarceration.  Field noted that his convictions occurred prior to

-

the abolition of parole.  He presented evidence that he could be paroled as early as 2001 or 2002.

We find no error in the trial court's finding that Fields was not presently able to care for the child and not likely to provide care within a reasonable period of time.  At best, Fields indicated he had another year of incarceration.  Other evidence indicated that Fields faces years of incarceration.  The child, who was age twelve at the time of the hearing, has been in foster care continuously since 1994.  "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming . . . responsibilities."  Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

### Best Interests of the Child

Fields also contends that the trial court erred by finding that DSS proved by clear and convincing evidence that it was in the best interests of the child to terminate Fields' parental rights.  He cites Smith v. Pond, 5 Va. App. 161, 360 S.E.2d 885 (1987), to support his contention that DSS failed to rebut the presumption that the best interests of a child are served by custody with the natural parents.  In Smith, this Court noted that

> [t]his presumption is rebuttable, however,
> if the non-parent adduces clear and
> convincing evidence that (1) the parents are

-

unfit; (2) a court previously has granted an order of divestiture; (3) the parents voluntarily relinquished custody; (4) the parents abandoned the child; or (5) special facts and circumstances constitute an extraordinary reason to take the child from the parents. Once the presumption favoring parental custody is rebutted, the natural parents who are seeking to regain custody must bear the burden of proving that custody with them is in the child's best interests.

Id. at 163, 360 S.E.2d at 886 (citations omitted). Evidence meeting the requirements of Code § 16.1-283 rebuts the presumption favoring a natural parent.

The trial court found that DSS presented clear and convincing evidence sufficient to meet the statutory requirements of Code § 16.1-283(C)(1) and (C)(2). Under § 16.1-283(C)(1), parental rights may be terminated if the court finds by clear and convincing evidence that it is in the best interests of the child and that

[t]he parent . . . [has], without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent or parents and to strengthen the parent-child relationship. Proof that the parent or parents have failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition . . . .

-

<u>Id.</u> The record supports the trial court's finding that DSS presented clear and convincing evidence satisfying this statutory provision. Fields had no contact with the child for years, provided no support, and made no attempt to plan for the child's future. The child had no recollection of Fields.

While Fields demonstrated at the hearing a desire to rectify his past neglect, in part due to his own experiences as a child, we find no error in the trial court's decision to rely upon the uncontradicted evidence that Fields had failed to participate in any meaningful way in the child's life.

The trial court also found that DSS presented sufficient evidence to satisfy the requirements of Code § 16.1-283(C)(2). That section provides that a parent's rights to a child placed in foster care may be terminated if the court finds by clear and convincing evidence that it is in the child's best interests and that the parent "without good cause, [has] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement" despite the agencies' efforts to provide rehabilitative services. <u>Id.</u> Fields failed to provide for the child's needs in any meaningful way. He was absent from the child's life. Therefore, the record supports the finding of the trial court that DSS

-

presented clear and convincing evidence establishing the conditions set out in Code § 16.1-283(C)(2).

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>

-