COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Felton and McClanahan
Argued at Alexandria, Virginia


BONNIE J. COONER

MEMORANDUM OPINION* BY
v.        Record No. 1570-03-4        JUDGE ELIZABETH A. McCLANAHAN
APRIL 20, 2004
JASON J. COONER


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge

Gwena Kay Tibbits (Law Offices of Gwena Kay Tibbits,
on brief), for appellant.

Robert J. Hill for appellee.


Bonnie J. Cooner (wife) appeals from an order placing custody of her four children, N.B.,

T.B., G.C. and B.C., with Jason G. Cooner (husband).  Wife contends the trial court erred in:  (1)

finding a material change in circumstances that warranted a review of the custody of G.C. and

B.C.; (2) giving undue weight to the preferences of G.C. and B.C.; and, (3) finding sufficient

evidence to award custody of N.B. and T.B to husband, who was a non-parent.[1]  For the reasons

that follow, we affirm the judgment of the trial court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Wife presented several other questions in her brief, but failed to provide the Court with any law or authority in her argument on those questions.  Rule 5A:20 requires appellants to brief the "principles of law, the argument, and the authorities relating to each question presented." Questions "unsupported by argument, authority, or citations to the record do not merit appellate consideration."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992); see also Kane v. Szymczak, 41 Va. App. 365, 370, 585 S.E.2d 349, 352 (2003); Thomas v. Commonwealth, 38 Va. App. 319, 321 n.1, 563 S.E.2d 406, 407 n.1 (2002); Bennett v. Commonwealth, 35 Va. App. 442, 452, 546 S.E.2d 209, 213 (2001); Moses v. Commonwealth, 27 Va. App. 293, 297 n.1, 498 S.E.2d 451, 453 n.1 (1998).  As a result, wife has waived appellate review of questions one (d), two, three, four, five, six and seven.

I. Background

When reviewing a chancellor's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences. Wright v. Wright, 38 Va. App. 394, 398, 564 S.E.2d 702, 704 (2002); Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995).

The parties met in 1993. Wife had sole custody of N.B, born August 28, 1986, and T.B., born September 21, 1988, both children from wife's previous marriage. The parties began living together at about the same time as the birth of their first child, G.C., born August 8, 1994. The parties had a second child, B.C., born May 17, 1996. The parties married in 1998.

During most of the marriage, because of their tumultuous relationship, husband would leave the home for extended periods of time. Because husband was often away from the home, wife was the primary caregiver for the children. However, the children reported that wife was both physically and emotionally abusive to them. When husband was at home, he had a good relationship with the children, including N.B. and T.B., his stepchildren. Although husband never adopted them, they considered him their father.

In 2001, during a period in which husband was not living in the home, wife filed a petition for custody of G.C. and B.C. Husband appeared at the hearing, but did not contest the petition. On the day of hearing, husband moved back into the home with wife and the children and resided there until the parties finally separated in February 2002.

The final separation occurred after an incident in which wife was alleged to have hit one of the children. Wife was arrested in connection with the incident, but the charges were dropped. Husband obtained an order for emergency removal of the children. He petitioned the juvenile and domestic relations district court for custody, and was awarded temporary custody of all four

children.  Wife was prevented from having any contact with the children.  The J&DR court awarded husband permanent custody of the children in August 2002.

Wife appealed to the circuit court, which conducted a hearing over four days in April 2003.  The chancellor interviewed each child individually in his chambers.  He told each child that he or she was not being asked to make the custody decision and that the custody decision would be made by the court.

The trial court found three material changes of circumstances that warranted review of the children's custody, "each of which by itself would be sufficient to warrant reconsideration by the Court."  First, he considered wife's arrest, noting that the charges against her were dropped.  However, he found that wife admitted that she "pushed her daughter," a fact that the court deemed to be a material change in circumstances.  Second, the court found that disclosures of physical abuse made in various proceedings after June 2001, which were not known to any previous court ruling on the children's custody, constituted a material change in circumstances.  Third, the court considered the fact that the children had been living with father for more than a year a material change of circumstances warranting a reconsideration of custody.

In its ruling, the court discussed the legal issue of placing the custody of children with a non-parent.  The chancellor also reviewed the statutory factors relevant to the best interests of the children.  In reviewing the factors, the court stated that it considered its discussions with the children and that N.B. and T.B wanted "nothing to do with their mother."  He also stated that at ages thirteen and fifteen, their preferences were entitled to great weight.  As to G.C. and B.C., the court acknowledged that at ages six and eight, "I don't think they're of an age where I would give or should give the same weight that I would give to children of [T.B.] and [N.B]'s age."  He further stated that G.C. and B.C. had expressed significant negative feelings toward their mother

and that those feelings were entitled to some weight, "but not remotely what I give [N.B.] and [T.B.]."

With regard to N.B. and T.B., the court found that husband had met the burden of clear and convincing evidence to deprive wife, the children's natural parent, of custody. The chancellor found that wife's physical and emotional abuse toward the children overcame the presumption favoring the parent. The court then awarded sole legal custody of N.B., T.B., G.C., and B.C. to husband.

## II. Analysis

### A. Standard of Review

A trial court may "revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require." Code § 20-108; Wilson v. Wilson, 18 Va. App. 193, 195, 442 S.E.2d 694, 695-96 (1994). The decision to modify a child custody order is committed to the sound discretion of the trial court. Id.

In considering whether a change in custody is warranted, the trial court determines: (1) whether there has been a material change of circumstances since the most recent custody award; and (2) whether a change in custody would be in the best interests of the child. Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983); see also Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986). The parent seeking to obtain a transfer of custody bears the burden to show a change in circumstances, Hughes v. Gentry, 18 Va. App. 318, 322, 443 S.E.2d 448, 451 (1994), and that the change in custody is appropriate for the welfare of the child. Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 11 (1986) (citations omitted).

"The trial court's decision, when based upon an *ore tenus* hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it."

Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986) (citing Carter v. Carter, 223 Va. 505, 508-09, 291 S.E.2d 218, 220 (1982)). "'A trial court's determination of matters within its discretion is reversible on appeal only for abuse of that discretion . . . and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.'" Goldhamer v. Cohen, 31 Va. App. 728, 734-35, 525 S.E.2d 599, 602 (2000) (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

B.  Material Change in Circumstances

"A party seeking to modify an existing custody order bears the burden of proving that a change in circumstances has occurred since the last custody determination and that the circumstances warrant a change of custody to promote the children's best interests." Brown v. Brown, 30 Va. App. 532, 537, 518 S.E.2d 336, 338 (1999) (citations omitted). "'Changed circumstances' is a broad concept and incorporates a broad range of positive and negative developments in the lives of the children." Parish v. Spaulding, 26 Va. App. 566, 573, 496 S.E.2d 91, 94 (1998), aff'd, 257 Va. 357, 513 S.E.2d 391 (1999) (citation omitted). "'Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence.'" Ohlen v. Shively, 16 Va. App. 419, 423, 430 S.E.2d 559, 561 (1993) (citation omitted); see also Visikides, 3 Va. App. at 70, 348 S.E.2d at 41.

The court found three material changes of circumstances that warranted review of the children's custody, "each of which by itself would be sufficient":  wife's admission that she hit one of the children, the disclosures of physical abuse made in various proceedings since the custody issue was heard by any other court, and that the children had been living with the father for more than a year.  These factual findings were supported by credible evidence and will not be disturbed on appeal.  We find no error in the court's determination that a material change in circumstances occurred since the last custody order.

C. The Court Did Not Place Undue Weight on the Preferences of G.C. and B.C.

Wife argues that the trial court should not have given any weight to the custody preferences of G.C. and B.C., who were eight and six, respectively, at the time of hearing. She contends that the trial court was required to first determine whether each child is of "reasonable intelligence, understanding, age and experience to express such a preference."

Code § 20-124.3(8) provides that the court shall take into consideration: "The reasonable preference of the child, if the court deems the child to be of reasonable intelligence, understanding, age and experience to express such a preference." Although a child's preference "should be considered and given appropriate weight," it does not control the custody determination and is just one factor to be considered. Bailes v. Sours, 231 Va. 96, 99, 340 S.E.2d 824, 826 (1986) (citations omitted).

With regard to the preferences of G.C. and B.C., the court stated, "I don't think they are of an age where I would give or should give the same weight that I would give to children of [T.B] and [N.B.]'s age." (T.B. and N.B. were thirteen and fifteen respectively, while G.C. and B.C were eight and six respectively.) The court noted that G.C. and B.C. had expressed significant negative feelings toward their mother and that their feelings were due some weight, "but not remotely what I give [N.B.] and [T.B.]." These findings by the court clearly indicate it found the children to be of reasonable intelligence, understanding, age and experience to express their preference. Moreover, the court also weighed their testimony in light of the statutory factors.

Code § 20-124.3 also requires the court to take nine other factors into consideration for purposes of determining custody arrangements, including the age and physical and mental condition of the children, the age and physical and mental condition of each parent, the relationship existing between each parent and each child, the needs of the children, the role each

parent has played and will play in the future, the propensity of each parent to allow the child contact with the other parent, the relative willingness and demonstrated ability of each parent to maintain a close and continual relationship with the children and the ability of each parent to cooperate in matters pertaining to the children, any history of family abuse, and other relevant factors. As long as the trial court examines the factors, it is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

The record demonstrates that the court made findings on each of the relevant factors. While the court took each child's preferences into consideration, applying the weight it found appropriate to each child's intelligence, understanding, age and experience, it is clear from the record that those preferences were not dispositive of the custody issue.

D. The Court Did Not Err in Awarding Custody of N.B. and T.B. to Husband

Wife asserts that "[i]n a custody dispute between a parent and a non-parent, the law presumes that the child's best interests will be served when in the custody of its parent." Brown v. Burch, 30 Va. App. 670, 685, 519 S.E.2d 403, 410 (1999) (citation omitted). In fact, the United States Supreme Court has recognized that parents have a fundamental right to make the decisions concerning the care, custody and control of their children. Troxel v. Granville, 530 U.S. 57, 66 (2000) ("'We have recognized on numerous occasions that the relationship between parent and child is constitutionally protected.'" (quoting Quilloin v. Walcott, 434 U.S. 246, 255 (1978))) (citing Stanley v. Illinois, 405 U.S. 645, 651 (1972)).

"Although the presumption favoring a parent over a non-parent is a strong one, it is rebutted when certain factors are established by clear and convincing evidence." Bailes, 231 Va. at 100, 340 S.E.2d at 827 (footnote omitted). Wife argues that there was insufficient evidence to rebut the presumption and merit an award of custody of her two children by her previous

marriage, N.B. and T.B., to husband, who is a non-parent. "[I]n the absence of a showing of unfitness of the parent, special facts and circumstances must be shown constituting an extraordinary reason for taking a child from its parent, or parents." Wilkerson v. Wilkerson, 214 Va. 395, 397-98, 200 S.E.2d 581, 583 (1973) (citation omitted). "The initial burden is on the nonparent to introduce clear and convincing evidence at trial of facts and circumstances which constitute an 'extraordinary reason' for depriving a natural parent of custody of her or his child." Mason v. Moon, 9 Va. App. 217, 223, 385 S.E.2d 242, 246 (1989) (quoting Patrick v. Byerley, 228 Va. 691, 694, 325 S.E.2d 99, 101 (1985)). "Once the presumption favoring parental custody has been rebutted, the parental and non-parental parties stand equally before the court, with no presumption in favor of either, and the question is the determination of the best interest of the child according to the preponderance of the evidence." Walker v. Fagg, 11 Va. App. 581, 586, 400 S.E.2d 208, 211 (1991) (citing Smith v. Pond, 5 Va. App. 161, 360 S.E.2d 885 (1987)).

In this case, the court found that husband met his burden of clear and convincing evidence that would warrant depriving a natural parent of custody. The chancellor found "special facts and circumstances constituting extraordinary reasons to take the child . . . from the parent in this case, Mrs. Cooner, and I'm talking specifically about the physical and emotional abuse . . . . And I do believe that overcomes the presumption favoring a parent." The court then found that the best interests of the children would be to place custody of the children with the husband.

Sufficient evidence supports the trial court's finding by the clear and convincing evidence standard that there were special and unique circumstances that rebutted the presumption of custody in wife. The trial court, therefore, did not err when it found that N.B. and T.B's best interests were served by granting custody to husband.

III.  Conclusion

For the reasons above, we conclude that the trial court did not err in finding a material change of circumstances that warranted a review of the custody of G.C. and B.C., giving undue influence to the preferences of G.C. and B.C., and finding the evidence sufficient to award custody of N.B. and T.B to husband, who was a non-parent.  Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>