UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Huff, Judges O'Brien and Russell
Argued at Richmond, Virginia


SHARI SIMS-BERNARD

MEMORANDUM OPINION[*] BY
v.      Record No. 0918-17-2      JUDGE MARY GRACE O'BRIEN
JANUARY 23, 2018

STEPHEN P. BERNARD


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Edward A. Robbins, Jr., Judge

Amanda Padula-Wilson (Parental Rights Law Center, on briefs), for appellant.

No brief or argument for appellee.

Jace M. Padden (DeFazio Bal PC, on brief), Guardian *ad litem* for
the infant children.


Shari Sims-Bernard ("mother") appeals a decision denying her motion to amend custody

and visitation and awarding the guardian *ad litem* $11,010.85 in fees and expenses ("GAL fees").

Finding no error, we affirm the judgment and remand for the limited purpose of awarding additional

GAL fees incurred with this appeal.

BACKGROUND

In October 2012, the Chesterfield County Circuit Court issued a final custody and visitation

order pertaining to the parties' two daughters, born on July 17, 1998 and February 25, 2000.  The

parties initially litigated these issues in connection with their divorce in 2010.  The court awarded

Stephen P. Bernard ("father") sole custody of the children and granted mother supervised visitation,

to be scheduled and monitored by the Chesterfield-Colonial Heights Department of Social Services

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

("DSS"). In its findings of fact, the court concluded that "[the mother's] thinking and conduct as it pertains to [father] and her daughters are not normal" and it "infer[red that mother] in fact continues to suffer from some mental abnormalities."

Mother appealed and asserted a number of errors, including the decision to allow DSS to set the visitation parameters. In an unpublished opinion affirming the court's ruling, we found that mother waived this contention because she failed to present legal authority supporting her claim. Sims-Bernard v. Bernard, No. 2090-12-2, 2013 Va. App. LEXIS 282, at *14-16 (Va. Ct. App. Oct. 8, 2013).

In October 2014, DSS closed the parties' case. Mother filed a motion to amend custody and visitation in August 2015.[1] At an initial hearing on September 8, 2015, the court heard testimony from mother's treating psychologist and from the individual who supervised mother's visitation. The court then continued the hearing to November 20, 2015 and ordered an independent psychological evaluation of mother pursuant to Code § 20-124.2(D).[2]

At the September 8 hearing, the court also appointed a guardian *ad litem* ("GAL") for the children, over mother's objection. Upon his appointment, the GAL advised both parents that he would charge an hourly rate of $275. Although the hearing was scheduled to continue on November 20, the court removed the matter from the docket because the parties had a conflict over the order naming a professional to conduct the independent psychological evaluation.

Instead, at mother's request, the parties appeared before the court on November 18 to address the issue of who should perform the independent evaluation. Mother's counsel expressed

---

[1] Judge Harold Burgess, Jr. entered the October 2012 final order. Judge Edward A. Robbins, Jr. presided over the reinstated case in 2015.

[2] This section provides that "[i]n any case in which custody or visitation of minor children is at issue, whether in a circuit or district court, the court may order an independent mental health or psychological evaluation to assist the court in its determination of the best interests of the child."

concern that counsel's reputation for suing psychologists may negatively bias any court-appointed evaluator. On January 27, 2016, after working with the parties to develop a list of potential evaluators without a professional conflict, the court appointed Dr. Robert Archer to perform the mental health evaluation, and ordered Dr. Edward Farber to substitute if necessary. Dr. Archer was unavailable, and Dr. Farber declined because mother required that the evaluation be recorded.

On June 7, 2016, mother filed a motion to amend the order for a psychological evaluation. She asserted that an evaluation she received from her own psychologist was sufficient. She also contended that the delay in hearing her motion to amend custody and visitation violated her constitutional due process rights. Upon review of the pleadings, the court denied mother's motion on July 20, 2016.

Mother filed another motion to amend on September 16, 2016. On October 7, 2016 the court heard mother's argument to forgo the court-ordered psychological evaluation or, in the alternative, to appoint another evaluator. The court appointed Dr. Michelle Eabon to perform the evaluation, who subsequently declined the appointment because of a dispute with mother over her fee agreement.

Mother filed a third request to proceed to trial without an independent mental health evaluation and a motion to certify an interlocutory appeal pursuant to Code § 8.01- 670.1. Following a March 29, 2017 hearing, the court once again denied mother's request to rescind the order for an independent psychological evaluation. Additionally, the court declined to certify the matter for an interlocutory appeal due to father's lack of agreement that a review was in the parties' best interest, as required by statute.[3] At that hearing, mother elected to rest her case without

---

[3] Code § 8.01-670.1 provides, in relevant part, that a party seeking interlocutory review must obtain the circuit court's certification that "the court and the parties *agree* it is in the parties' best interest to seek an interlocutory appeal." (Emphasis added).

- 3 -

presenting additional evidence, and the court denied her motion to amend custody and visitation of her minor daughter.[4]

Subsequently, the GAL filed a bill for fees and expenses totaling $11,260.85. The court reviewed the GAL's seven-page itemization of his forty hours of work on the case. The court also reviewed and considered mother's motion and supporting memorandum to reduce the GAL fees. The court denied mother's request to hold a hearing regarding the GAL fees, because it "already permitted all parties an opportunity to be heard on this issue via post-trial submissions and those submissions were considered prior to the [c]ourt's ruling."

The court awarded $11,010.85 in GAL fees and ordered mother to pay $10,010.85. In making its determination, the court found that mother's "procedural contests, petty disputes and prolix pleadings concerning [the psychological evaluation] issue together speak to a litigation course premised upon something other than the timely resolution of the matters in dispute and the best interests of [the] children."

On appeal, mother asserts the following assignments of error:

1. The Circuit court erred when it denied Mother her constitutional due process right to a prompt trial.

2. The Circuit court erred when it a) found that the Circuit court's October 16, 2012 order abdicating its duty to determine custody and visitation was not void or void *ab initio*, and therefore found that it did not have to amend its order allowing third parties to determine Mother's custody and visitation and dismissed the petition to amend the order allowing third parties to make custody and visitation determinations.

3. The Circuit court erred when it refused to hold a hearing regarding guardian *ad litem* fees and then awarded guardian *ad litem* fees in excess of $158 when those fees a) are in excess of what is mandated by Virginia Code §§16.1-267, 19.2-163 and the Virginia Supreme Court Chart of

---

[4] The court had already dismissed mother's motion to amend custody and visitation of the older child in July, when the child turned eighteen.

- 4 -

Allowances and/or b) are [an] unconstitutional undue burden to Mother just to have her day in court in order to protect her fundamental right to parent her children.

DISCUSSION

I. Mother's Due Process Right to a Prompt Trial

Although mother concedes that the court had the authority and discretion to order an independent psychological evaluation pursuant to Code § 20-124.2(D), she argues that her constitutional due process right to a prompt trial was violated when the court required the evaluation before addressing her motion to amend custody and visitation. Because mother's contention involves constitutional and statutory interpretation, it presents questions of law that we review *de novo*. Copeland v. Todd, 282 Va. 183, 193, 715 S.E.2d 11, 16 (2011).

The Supreme Court has recognized that "the interest of parents in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty interests." Troxel v. Granville, 530 U.S. 57, 65 (2000). However, "'in any child custody decision, the lodestar for the court is the best interest of the child,' . . . and the due process rights of the parents must be tempered by this guiding principle." Haase v. Haase, 20 Va. App. 671, 681, 460 S.E.2d 585, 589-90 (1995) (quoting Smith v. Pond, 5 Va. App. 161, 163, 360 S.E.2d 885, 886 (1987)). In fact, although "the legal rights of the parent should be respected in custody proceedings . . . [w]here the interest of the child demands it, the rights of the father and mother may be disregarded." Forbes v. Haney, 204 Va. 712, 716, 133 S.E.2d 533, 536 (1963).

Code § 20-124.2(D) expressly authorizes a court deciding custody or visitation to "order an independent mental health or psychological evaluation to assist the court in its determination of the best interests of the child." Here, the court had reason, based on findings in the October 2012 order, to require an independent evaluation of mother's mental health before determining if a change of custody or visitation was in the children's best interests. Mother incorrectly asserts that her "due

- 5 -

process constitutional right to a prompt adjudication was superior to the trial court's rights to appoint a mental [health] evaluator." The children's welfare, not the mother's due process right to a prompt trial, is the paramount concern in a motion to amend custody and visitation. Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999) ("In deciding whether to modify a custody order, the trial court's paramount concern must be the children's best interests."). The court's broad discretion in determining the best interests of the children included ordering mother to undergo an independent mental health evaluation pursuant to Code § 20-124.2(D). See also id. ("[T]he trial court has broad discretion in determining what promotes the children's best interests.").

Further, "[d]ue process requires only that . . . the opportunity for a hearing must be provided, not that the party must actually have a hearing on the merits." D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 339, 610 S.E.2d 876, 884 (2005) (quoting Blinder, Robinson & Co. v. State Corp. Comm'n, 227 Va. 24, 28, 313 S.E.2d 652, 654 (1984)). Here, mother had the opportunity for a hearing and a ruling on her motion after she obtained the independent psychological evaluation. She chose not to undergo an evaluation, and she rested her case on March 29, 2017. Accordingly, she was not deprived of her due process right to a prompt trial.

## II. Status of the October 2012 Order

Mother contends that the October 2012 order was void *ab initio* because the court abdicated its judicial authority to determine visitation to DSS. To resolve this issue, we must first consider whether an order that improperly delegates judicial authority to a third party renders that order void *ab initio* or merely voidable. "An order void *ab initio* is 'without effect from the moment it came into existence' . . . and can be attacked 'by all persons, anywhere, at any time, or in any manner.'" Winslow v. Commonwealth, 62 Va. App. 539, 544, 749 S.E.2d 563, 566 (2013) (first quoting Kelley v. Stamos, 285 Va. 68, 75, 737 S.E.2d 218, 221-22 (2013), and then quoting Wright v. Commonwealth, 52 Va. App. 690, 704, 667 S.E.2d 787, 794 (2008) (*en banc*)).

The Supreme Court has ruled that "[t]he distinction between an action of the court that is void *ab initio* rather than merely voidable is that the former involves the underlying authority of a court to act on a matter whereas the latter involves actions taken by a court which are in error." Singh v. Mooney, 261 Va. 48, 51, 541 S.E.2d 549, 551 (2001).

> An order is void *ab initio* if entered by a court in the absence of jurisdiction of the subject matter or over the parties, if the character of the order is such that the court had no power to render it, or if the mode of procedure used by the court was one that the court could not "lawfully adopt."

Id. at 51-52, 541 S.E.2d at 551 (quoting Evans v. Smyth-Wythe Airport Comm'n, 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998)). "In contrast, an order is merely voidable if it contains reversible error made by the trial court." Id. at 52, 541 S.E.2d at 551.

Here, the court had the authority to rule on matters of custody and visitation pursuant to Code § 20-124.2. If the court erred by allowing DSS to dictate the parameters of visitation, that decision simply would have been reversible error. It did not render the order void *ab initio*. See, e.g., Reilly v. Reilly, No. 1369-15-2, 2016 Va. App. LEXIS 343, at *16-17 (Va. Ct. App. Dec. 13, 2016) (holding "it was *error* for the circuit court to approve such language allowing a third party . . . total discretion to decide mother's visitation" (emphasis added)); Padula-Wilson v. Wilson, No. 1203-14-2, 2015 Va. App. LEXIS 123, at *38 (Va. Ct. App. Apr. 14, 2015) (finding "it was *error* for the circuit court to order third parties to have complete discretion to decide the mother's visitation without providing for any judicial review of their decisions" (emphasis added)). In Reilly and Padula-Wilson, both relied upon by mother, we did not rule that the courts' orders were void *ab initio*. Instead, we held that the visitation provisions of the order were made in error and subject to reversal.

Because the visitation order from October 2012 was not void *ab initio*, the doctrine of *res judicata* applies. Parrish v. Jessee, 250 Va. 514, 522, 464 S.E.2d 141, 146 (1995) (holding that as

- 7 -

opposed to a void judgment, a voidable order is not subject to collateral attack).  After the entry of

the final decree in 2012, mother appealed to this Court.  We declined to consider her assignment of

error relating to the court's delegation of authority to DSS because mother failed to present

sufficient authority for this Court to rule upon the merits of her argument.  Sims-Bernard, 2013

Va. App. LEXIS 282, at *14-15.  Accordingly, we affirmed the trial court's ruling.  Id.

"*Res judicata* is a judicially created doctrine founded upon the 'considerations of public

policy which favor certainty in the establishment of legal relations [and] demand an end to

litigation.'"  Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 617, 376 S.E.2d 787, 788

(1989) (quoting Bates v. Devers, 214 Va. 667, 670, 202 S.E.2d 917, 920 (1974)).  The doctrine

precludes litigation "with the same person . . . of precisely the same question, particular controversy,

or issue which has been necessarily tried and finally determined, upon the merits, by a court of

competent jurisdiction."  United States v. Cal. Bridge & Constr. Co., 245 U.S. 337, 341 (1917).

Dismissal of a cause of action is a final judgment on the merits.  Painter v. Commonwealth, 47

Va. App. 225, 237, 623 S.E.2d 408, 414 (2005).

Mother asserts the same argument that she previously raised against father before this Court

in 2013.  She contends that the court erred by delegating its judicial authority to DSS in the October

2012 order.  Accordingly, because mother attempts to re-litigate against the same party the precise

issue that this Court ruled upon in her first appeal, the doctrine of *res judicata* bars her claim.

III.  Award of Guardian *ad Litem* Fees at Trial

Mother contends that the court erred by awarding GAL fees in excess of the statutory

amount for compensation of court-appointed counsel as set out in Code § 19.2-163 and the Supreme

Court's Chart of Allowances referenced therein.  Mother also asserts that the court's award of

- 8 -

$11,010.85 in GAL fees was unreasonable and that the court erred by failing to hold a hearing before awarding the fees.[5]

A court has the authority to appoint a guardian *ad litem* "where the trial judge finds that the best interests of the child are not adequately protected by the parties." Verrocchio v. Verrocchio, 16 Va. App. 314, 322, 429 S.E.2d 482, 487 (1993). Additionally, "[i]ndivisible from the power of appointment is the associated power equitably to apportion the fees and expenses of the guardian *ad litem* as costs to the parties." Id. The discretion to award and apportion GAL fees following a divorce proceeding is consistent with the court's statutory authority to make an "award of such costs as equity and justice may require." Id. (citing Code §§ 20-79(b) and former 20-99(5) (now codified at Code § 20-99(6))).

We review the court's decision to award GAL fees for an abuse of discretion. "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). "[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)).

Mother asserts that the court was limited to awarding the GAL $158 for his attorney's fees. She bases her contention on the provisions of Code §§ 16.1-267 and 19.2-163. However, as the court correctly noted, "[these code sections] are inapplicable to GAL compensation in this case." Code § 16.1-267 grants authority to a juvenile and domestic relations district court to award

---

[5] With regard to mother's contention that she was denied a hearing on the GAL fees, mother argues that the court's consideration of the parties' motions and relevant memoranda before awarding fees was insufficient. However, mother fails to fully develop this argument in her brief, or provide adequate authority to support it. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). See also Rule 5A:20(e) (requiring that an appellant cite relevant authority in support of an argument presented on appeal).

guardian *ad litem* fees in cases originating in that court. The present action took place entirely in circuit court, beginning with the 2010 divorce proceedings. Code § 19.2-163 also is inapplicable because it pertains to the cap for compensation of court-appointed counsel in criminal cases. Mother cites no other authority for her claim that the circuit court is limited in its discretion to award reasonable guardian *ad litem* fees. Despite mother's contention, the amount of the award is clearly within the discretion of the trial court. Verrocchio, 16 Va. App. at 321-22, 429 S.E.2d at 486-87. See also Kane v. Szymczak, 41 Va. App. 365, 375, 585 S.E.2d 349, 354 (2003).

Further, a review of the record indicates that it was reasonable for the court to award $11,010.85 of GAL fees, and to apportion $10,010.85 of the cost to mother. The court concluded that mother's actions unnecessarily "increased the amount of time and therefore the amount of expense necessary to conclude this case."[6] Between the initial court proceeding in September 2015, when the GAL was appointed, and the final ruling in March 2017, the parties were required to attend four separate hearings at mother's request. Each hearing concerned the same issue: mother's refusal to undergo an independent psychological evaluation and her repeated, unsuccessful attempts to convince the court to dispense with the requirement. At the March 2017 hearing, mother ultimately chose to rest her case rather than submit to a psychological evaluation. The GAL presented an exhibit detailing the forty hours that he spent on the case during the year and a half that it was pending. Therefore, we find that the court did not err in awarding GAL fees or in ordering mother to pay a majority of the cost.

### IV. Award of Guardian *ad litem* Fees on Appeal

The GAL also requests an award of costs he incurred on appeal. After reviewing the record in this case, we find that an award of reasonable attorney's fees and expenses is appropriate.

---

[6] The court specifically found that "[f]ather's actions, as the Defendant in this litigation, appear entirely opposite those of [m]other."

Mother's appeal "generated unnecessary delay [and] expense in pursuit of [her] interests" by failing to "address[] appropriate and substantial issues." Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004). See also Gottlieb v. Gottlieb, 19 Va. App. 77, 95-96, 448 S.E.2d 666, 677 (1994) (awarding attorney's fees on appeal where "[m]any of [appellant's] questions presented or assignments of error were not supported by the law or the evidence"). Accordingly, we remand this case to the court for the limited purpose of conducting a hearing to determine the additional amount of fees and expenses the GAL should be awarded for this appeal.

## CONCLUSION

For the reasons set forth above, we affirm the judgment of the trial court. We remand the case for the limited purpose of awarding additional GAL fees incurred with this appeal.

Affirmed and remanded.